SPEER HARDWARE COMPANY *v.* BRUCE.

Opinion delivered October 14, 1912.

MECHANICS' LIEN—IMPROVEMENTS ON ADJACENT PROPERTY.—One who, under contract with the owner of a lot, connected a building thereon with the water main by laying a pipe across the property of adjoining proprietors with their consent is entitled to a mechanics' lien for the entire pipe, and such lien may be enforced against one who subsequently purchased the lot from such owner.

Appeal from Sebastian Chancery Court; Fort Smith District; *J. V. Bourland,* Chancellor; affirmed.

STATEMENT BY THE COURT.

This action was brought by Bruce Brothers to recover ninety dollars and interest, the contract price for installing a water service in a certain building in the city of Fort Smith, at the time the property of B. C. Bates, now owned by appellant and to have a mechanics' lien against the property foreclosed.

The complaint alleges that Bates was the owner of a certain tract of land in the city of Fort Smith, describing it, upon which was situated a corrugated iron building; that appellants, on September 27, 1911, entered into a contract with him to install a water service and meter upon said property for ninety dollars and installed said service, and, not being paid for same, they duly filed their claim for mechanics' lien. That

after the filing of the lien appellant became the owner of the property by purchase at a sheriff's sale.

The answer denies that Bruce Brothers entered into the contract to install the water service upon the premises described in the complaint, and alleges that the contract with Bates was for the laying of 227 feet of pipe; that only seventy-five feet of said pipe were laid on the premises described in the complaint and upon which the lien is claimed; that the balance of said pipe was laid upon the property of other persons." That the value of the pipe, meter and faucet on the premises was only $31.25, and denied that appellees were entitled to a lien for more than that sum, with interest and costs, which was tendered in court.

The agreed statement of facts shows that it became necessary to have a water supply upon the premises, and the best method of obtaining it was to tap the city main about 227 feet distant; that with the consent of the intermediate owners the main was tapped and the pipe laid in the ground to the premises and over them to the place where it entered the building and the meter and faucet attached; that only about seventy-five feet of the pipe was placed on the premises described in the complaint, the cost of said seventy-five feet, with the meter and faucet, being $31.25; that appellant acquired the ownership of the building through a sale under attachment after a lien was filed in the office of the clerk.

The lower court found that appellees were entitled to a lien for the entire amount sued for, $92.30, including the value of all the pipe laid, and rendered a decree for foreclosure of a lien for that amount. From this judgment the appeal comes.

*Kimpel & Dailey,* for appellant.

Appellees are entitled to a lien only for $31.25, the agreed value of the work done and materials furnished upon the property belonging, by purchase, to appellant. Kirby's Dig., § § 4970, 4971; 8 So. (Ala.) 25; 19 Ill. 613; 74 Ark. 510, 515, 516.

*H. C. Mechem,* for appellees.

Where the owner of a lot contracts with another for labor and materials to install water service upon his lot, the installation of which service requires the laying of the pipe through the property of an intervening owner in order to reach the

water supply, who consents thereto, the party performing the work, etc., is entitled to a lien for the whole of the contract price against the lot where the service is installed, notwithstanding the greater portion of the pipe was laid through the lot of the intervening owner.   97 Mass. 133; 21 N. Y. 505; 71 S. W. 1019; 141 Mass. 523; 89 Tenn. 453; 76 N. E. 518; 52 Fed. 43; 59 Fed. 20; 53 S. E. (W. Va.) 473; 63 Ark. 367.

·Kirby, J., (after stating the facts).   The question for determination is whether appellees are entitled to a lien on the premises for the contract price of the work done, some of the materials not being placed upon the property, or only for the value of the pipe and fixtures actually put upon the premises. The statute provides: (sections 4970-1-2, Kirby's Digest):

"Sec. 4970.   Every mechanic, builder, or other person who shall do or perform any work upon or furnish any material * * * for any building, erection, improvement upon land * * * under and by virtue of any contract with the owner or proprietor thereof, or his agent, contractor, upon complying with the provisions of this act, shall have his work or labor done, or materials * * * furnished, a lien upon such building, erection or improvement, and upon the land belonging to such owner or proprietor on which the same are situated, to the extent of one acre; or if such building, erection, or improvement be upon any lot of land in any town, city or village, then such lien shall be upon such building, erection or improvements and the lots or land upon which the same are situated."

"Sec. 4971.   The entire land, to the extent aforesaid, upon which any building, erection or other improvement is situated, including as well that part of said land which is not covered with such building, erection or other improvements as that part thereof which is covered with the same, shall be subject to all liens created by this act, to the extent and only to the extent, of all the right, title and interest owned therein by the owner or proprietor of such building, erection or other improvement for whose immediate use or benefit the labor was done or things furnished."

"Sec. 4972.   The lien for the things aforesaid, or work, shall attach to the buildings, erection or other improvements for which they were furnished or work was done, in preference

to any prior lien existing upon said land before said buildings, erections, improvements, were erected or put thereon, and any person enforcing such lien may have such building, erection or improvement sold under execution, and the purchaser may remove the same within a reasonable time thereafter," etc.

Appellant contends that it is only liable for the agreed value of the material furnished and the work done upon the property belonging to the owner and actually placed thereupon, and that no lien could be fixed against it for work done and the materials furnished in laying the pipe through the lands of other persons, with their consent, to reach the water main.

The premises and appurtenances passed to appellant by the conveyance thereof, and it is not disputed that the water service was installed upon the property, as already indicated, and in use when it was conveyed. It became, when constructed, an appurtenance to the property and passed with it, so far as the rights of the original owner were concerned.

In *Philbrick* v. *Ewing*, 97 Mass. 133, the court held that a pipe line running from a sink in a house across the lot upon which it was situated, and across the lot of another by his consent to a source of water supply in which he had rights, passed to the grantee of the owner of the building as appurtenant thereto, although it was not mentioned in the deed of conveyance, and that he could not after a sale enter upon the lot of the other person and take the pipe therefrom and carry it away; saying:

"The pipe was put in by his tenant, and afterwards purchased by him from the tenant as one entire thing. It was designed for the use of tenant's house, and for no other purpose. If it extended into the land of a third person and into a highway, it does not appear that the owner of the land objects to its continuance or authorizes defendant to remove it. We are therefore of the opinion that the whole of it, at the time of its conveyance to plaintiff, was a fixture and annexed to the house and passed by the deed. We suppose that it is a common thing in cities for the owner of a house to connect it by pipe with the pipe in the street belonging to the water company, and that such a pipe would pass by the sale of the house, although the owner of the house did not own the soil of the street. So, in case of a drain pipe connected with a common

sewer, on the sale of a house the vendor could not take it away."
See also *Lampman* v. *Milks,* 21 N. Y. 505; *Paine* v. *Chandler,*
134 N. Y. 385; *Mulrooney* v. *O'Bear,* 71 S. W. (Mo.) 1019;
*Beatty* v. *Parker,* 141 Mass. 523.

In this last case, a mechanics' lien was enforced against
the property for the whole cost for putting a drain pipe therein
from the house to the sewer in the street; the court saying:
"The drain pipe was part of the house, and the house was
built upon a street in which there was a sewer and was fitted
for the use of the city water to which connection with the
sewer was essential. The pipe inside of the house and outside
of it was necessary to the use of the house, and a part of it and
was included in the contract for building it. The house will be
incomplete without the pipe, and it would pass by deed of the
house as a part of it. It is immaterial whether the fee of the
land in the street was or was not in the owner of the lot. It
must be assumed that the pipe was rightfully laid to the sewer,
even if the fee in the street was not in the respondent. The
pipe did not become the property of the owner of the fee of the
street, but belonged to the owner of the house, and he had an
interest in the soil of the street to sustain his pipe which could
pass by deed of the lot. Currier was employed by the respond-
ent to erect the house, including the laying of the pipe."

It will not be questioned that the owner of the fixtures and
service had the right to the use of it after its construction to
supply the premises with water, the purpose for which it was
constructed, and that it was an improvement thereon, within
the meaning of the statute. Neither will it be questioned that
it will pass appurtenant to the premises upon a conveyance
thereof, so far as the owner is concerned, nor that upon a sale
of the premises under the mechanics' lien law the owner's
right, title and interest therein would pass to the purchaser at
such sale. Appellants, therefore, have the right to such service
and improvement with the property so purchased, so far as the
record here shows, it not being claimed that the adjacent
owners, through whose lands the pipe extended beyond this
property to the main have complained or objected to the use
thereof. The purpose of the mechanics' lien law is to secure
the workmen and mechanic for the labor done and materials
furnished in the improvement to the property, and it is to be

liberally construed to effectuate this purpose. It was necessary to lay the line of pipe from the building to the main, in order that the service could be installed and the improvement made, and it is assumed that the pipe was rightfully laid through the lands of the adjoining owners to the water main. It did not thereby become their property, and the right to the use thereof belonged to the owner of the house upon which the improvement was made and passed to appellants under their purchase. The lien attached to the premises, building and ground upon which it was situate for the entire value of the improvement, notwithstanding part of the pipe line was situated off the property on adjoining lands. For other cases permitting a mechanics' lien for pipes laid in the streets and not entirely upon the premises upon which the lien was sought to be foreclosed, see *Steger* v. *Arctic Refrig. Co.*, 89 Tenn. 453, 14 S. W. 1087; *Wells* v. *Christian*, 76 N. E. 518; *O'Neal* v. *Taylor*, 53 S. E. (W. Va.) 471; *Nat'l Foundry & Pipe Works* v. *O'Connor Water Co.*, 52 Fed. 43.

Appellants rely strongly upon the case of *Eufaula Water Co.* v. *Addyston Pipe Co.*, 8 So. 25, in support of their contention. That suit was to recover for piping materials furnished to be used in the construction of water works in the city of Eufaula and to fix a lien therefor and enforce it against a one-acre lot of the water company situated just beyond the corporate limits of the city. The lot was the site of the water company's pumping station which forced the water into its stand pipe one-half mile distant, and the piping furnished was used in making the line between the pumping station and the standpipe, a distance of three thousand feet, and extended from a point twenty-five feet within the lot in question outside the building thereon to the reservoir or standpipe, being for its whole length, except twenty-five feet, on land which did not belong to the water company, but in which it had an easement for the purpose of laying the pipe. The court denied the lien for the full amount of the claim. That was an attempt, however, to enforce a mechanics' lien for materials furnished, which were used in the construction of a waterworks system for a city against a particular part of it, the lot on which was situated the pumping station, when the improvement was not made upon the particular lot, but was an improvement of the entire water

plant, and a sale of the particular part of the property against which the lien was attempted to be enforced if the purchaser were permitted to remove the property bought, would have destroyed the water supply system in which the entire city was interested. There is no analogy between that case and this, and we regard it as entitled to little weight in favor of appellant's contention here.

The decree is affirmed.