16358.   CANDLER v. HUNNICUTT.

STEPHENS, J.   1. Where one contracts with the owner of a house which is being built to furnish and install in the house certain tiling as called for in the architect's specifications, and no time for performance is specified, a reasonable time, determinable by all the circumstances, will be allowed for the performance of the work contracted for.

2. Where, by the terms of the contract, the tile to be furnished is of a

Appeal and Error, 4 C. J. p. 943, n. 81; p. 1031, n. 31.
Building and Construction Contracts, 9 C. J. p. 719, n. 8; p. 738, n. 14; p. 739, n. 15; p. 780, n. 4.
Contracts, 13 C. J. p. 332, n. 19.

designated kind produced by a particular manufacturer only, the furnishing of the tile agreed upon, produced by the particular manufacturer only, and not the furnishing of a tile just as good procured elsewhere and made by some other manufacturer, is essential to a compliance with the terms of the contract.

3. Where, after the execution of such contract between the owner of the house and the person agreeing to furnish and install the tile, the owner becomes impatient at the delay in the performance of the contract by the person who has agreed to furnish and install the tile, which delay is due to the failure of the manufacturer from whom the tile has been ordered to make early deliveries of the tile, and it is thereupon agreed that the owner will select other tile, to be procured elsewhere, which is to be substituted for that of the particular manufacture, and which is to be furnished and installed by the other contracting party under the terms of the contract originally made, such agreement constitutes no binding obligation upon the owner. Any agreement or promise by the owner to select another tile to be substituted for that contracted for is without consideration and amounts only to an offer to agree to a modification of the contract. Such a promise, moreover, is unenforceable in that the owner is left free to select for substitution such tile as he may see fit, and the other contracting party can not compel a selection.

4. In a suit against the owner by the party agreeing to furnish and install the tile, the allowance of an amendment to the petition, setting up as a new contract the alleged promise by the defendant to select and substitute new tile for that originally contracted for, as alleged in paragraph 3 above, was, since it set out no new contract, harmless, as against the objection to its allowance that it set out a new cause of action.

5. Where, in such a suit, it appeared from undisputed evidence that the only tile acceptable to the defendant was found in the possession of a tile-dealer who would not agree to sell it to the plaintiff, and where the defendant thereupon entered into a contract with the newly found tile-dealer to furnish tile and install it in the defendant's house, and where the defendant notified the plaintiff that the contract between the defendant and the plaintiff was at an end, a charge to the jury to the effect that the amendment to the petition set up an agreement modifying the original contract, and that such conduct on the part of the defendant constituted a breach of the alleged modified agreement, was error and requires the grant of a new trial.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 25, 1926.

Complaint; from DeKalb superior court—Judge Hutcheson. March 2, 1925.

*Candler, Thomson & Hirsch,* for plaintiff in error.

*Branch & Howard,* contra.