MARION MACHINE FOUNDRY & SUPPLY COMPANY v. COLCORD.

Opinion delivered May 16, 1927.

1. MINES AND MINERALS—MATERIALMAN'S LIEN.—One furnishing steel to a contractor building an oil derrick cannot sue the owner more than 90 days after furnishing the last material, where neither he nor the contractor filed an affidavit for the lien.

2. CONTRACTS—MUTUALITY OF CONTRACT.—One furnishing steel to a contractor building an oil derrick cannot sue the owner for its value where he had no contractual relation with the owner.

3. MINES AND MINERALS—MATERIALMAN'S LIEN—PARTIES.—The contractor is a necessary party to a suit by a materialman to establish a lien against an oil lease, which cannot be declared until judgment has been had against the contractor.

4. MINES AND MINERALS—ENFORCEMENT OF A MATERIALMAN'S LIEN.—A contractor building a steel oil derrick is entitled to a lien against the owner's leasehold for payment without giving 10 days' notice and filing an affidavit for lien with the circuit clerk, where suit was brought within 90 days, as provided by Acts 1923, p. 499.

5. APPEAL AND ERROR—HARMLESS ERROR.—In an action by the builder of an oil derrick, the owner of the oil lease has no ground of complaint because the adverse decree did not fix the lien in favor of the plaintiff.

6. MECHANIC'S LIEN—LIABILITY OF CONTRACTOR.—One furnishing steel to a contractor for building a derrick, if dissatisfied with the recovery in an action against the owner in which it joined as plaintiff with the contractor, may still sue on its account against the contractor.

Appeal from Ouachita Chancery Court, Second Division; *George M. LeCroy,* Chancellor; affirmed.

*Goodwin & Goodwin,* for appellant.

*Marsh, McKay & Marlin,* for appellee.

McHANEY, J.    Appellee, being the owner of a certain oil lease in Ouachita County, and being desirous of having same drilled for oil, entered into a contract with the Alliance Drilling Company for this purpose, in which the erection of a wooden derrick was called for. He decided that he preferred to have a steel derrick, and the drilling company agreed that, if he would erect the steel derrick and release it from the erection of the wooden derrick, it would abate $650 from the contract price. Appellee then entered into contract with D. D. Nowlin, a derrick contractor, to erect on his lease a steel derrick, referred to as a No. 881 Marion tubular rotary derrick of 2x2s with four sets of relegs of 4x4-inch drill stem, of first-class material and construction, for the price of $1,900. The contract was dated July 10, 1925. Appellant, on July 15, 1925, sold to Nowlin the No. 881 Marion tubular rotary derrick for $836, and on July 20 sold and delivered to him four sets of relegs for $619.20, making a total of $1,455.20, on which Nowlin made a payment of $309.60, leaving a balance due $1,145.60. The Stout Lumber Company, on July 14, sold and delivered to Nowlin certain supplies amounting to $288.10. Nowlin proceeded to the erection of said derrick, and completed same on July 21. The drilling company began to drill a well on said lease, and, after drilling approximately 2,550 feet during a period of about 30 days, the drill-stem got stuck in the hole, and, in an effort to extricate same, on account of the great strain placed on same in pulling the drill-stem, as claimed by appellant, the steel derrick collapsed. Appellee claims that the collapse and destruction of the derrick were caused by defective material used therein. After the collapse of the steel derrick the appellee caused a wooden derrick to be erected, the material in the steel derrick being so twisted, bent and

distorted that it was useless to him in the further drilling of his well. Thereafter, on October 19, Nowlin, not having been paid by Colcord for the construction of the derrick, brought this suit, in which the material furnishers mentioned joined, for the amount of the contract price, and to have a lien declared and enforced on the lease, etc., as provided by act 615 of the Acts of 1923, and that the materialmen be protected for the amount of their claims. The court, after hearing the evidence, entered a decree in favor of appellant for $495.50, being the difference between $1,145.60, the balance due it by Nowlin, and $650, the cost of the new wooden derrick, and in favor of Stout Lumber Company on its bill of $228.78, and in favor of Nowlin for $525.62. From this decree comes this appeal and a cross-appeal.

Neither the appellant nor the contractor, Nowlin, filed an affidavit for a lien. Appellant furnished its last material on July 20. It brought suit or joined with Nowlin in bringing suit on October 21, more than 90 days thereafter, and therefore was barred on this account. Moreover, appellee was not indebted to appellant. It had no contractual relation with him and could not maintain a separate action against him. The contractor, Nowlin, was its debtor, the material being sold to him, and he was a necessary party defendant, against whom a judgment must have been had before a lien could be declared and enforced against appellee's leasehold. *Simpson* v. *J. W. Black Lbr. Co.,* 114 Ark. 464, 172 S. W. 883; *Cruce* v. *Mitchell,* 122 Ark. 141, 182 S. W. 530; *Hess* v. *A. L. Ferguson Lbr. Co.,* 155 Ark. 244, 244 S. W. 5. In these cases it was held that, where goods are sold to the contractor instead of to the owner, the contractor is a necessary party defendant.

However, Nowlin, the contractor, brought suit against appellee in apt time, and he, being the original contractor with the owner, was not required to give the 10 days' notice and file an affidavit for a lien with the circuit clerk, the bringing of suit within the 90 days being

sufficient to entitle him to a lien. *Leifer Mfg. Co.* v. *Gross,* 93 Ark. 277, 124 S. W. 1039; *Hess* v. *A. L. Ferguson Lbr. Co., supra.* Nowlin sued for the full amount of his contract price of $1,900, stating that he was indebted to appellant in the sum of $1,145.60 and to Stout Lumber Company $228.78, for which he asked that judgment and liens be given, and for himself he asked judgment and a lien for $525.62, and the court did this, except that appellant's claim was reduced by $650, the cost of the new derrick, evidently on account of defective material furnished by it for the steel derrick. The effect of this was to decree in Nowlin's favor the sum of $1,250 and to divide this amount among the plaintiffs according to their respective interests. While this is not the best practice, appellee has no cause to complain on his cross-appeal, for the court should have entered a decree for this amount in favor of Nowlin and fixed a lien in his favor therefor. The evidence as to the defective material in the steel derrick is conflicting, and we cannot say that the court's finding in this regard is clearly against the preponderance of the evidence. Nowlin appears to be satisfied with the decree, as he has taken no appeal therefrom, and appellant cannot be heard to complain, as we have already shown that he was not entitled to maintain a separate direct action against appellee, for the reasons heretofore stated. Appellant may yet pursue Nowlin on its account against him if it is not satisfied with the recovery herein.

We find no reversible error, and the decree is affirmed.