1. Where the injury or damage complained of is solely to a building and not to the land the measure of damages is the cost of restoring the building to its original condition. Harrison v. Kiser, 79 Ga. 588 (8) (4 S.E. 320); Empire Mills Co. v. Burrell Engineering c. Co., 18 Ga. App. 253
(2) (89 S.E. 530); Central R. Bkg. Co. v. Murray, 93 Ga. 256 (4) (20 S.E. 129); Burke County v. Renfroe, 64 Ga. App. 395 (13 S.E.2d 194). There being no evidence in this case as to what it would cost to repair the plaintiff's building the verdict was without evidence to support it and the court erred in overruling the motion for a new trial.
2. The court did not err in failing to charge the jury on the plaintiff's duty to lessen the damages for the reason that the evidence showed that it was impossible for the plaintiff to do so.
Judgment reversed. Sutton, C. J., and Parker, J.,concur.
 DECIDED JULY 9, 1948.
J. H. Hendon sued Harry Edelson to recover damages allegedly arising from the negligence of the defendant in so maintaining a building adjacent to the plaintiff's that water from the roof of the defendant's building ran onto the side of the plaintiff's building and underneath it. The measure of damages alleged was $500, the difference in value before and after the alleged damage. There was no demurrer to the petition but the court charged the jury that the measure of damages was the *Page 396 
amount it would require to put plaintiff's house in the condition in which it was before or at the time of the injury. There was no evidence as to what amount it would require to repair the house. There was likewise no evidence that the plaintiff could have done anything to lessen the damages, it appearing that the defendant's building leaned so far over toward the plaintiff's that the place where the work was needed was not accessible. The defendant excepts to the overruling of his motion for a new trial. The defendant here insists on only two points, (1) that no damages were proved, and (2) that the court should have charged the jury that the plaintiff was bound to lessen the damages.