40447. E. T. BARWICK MILLS, INC. v. STEVENS.

PANNELL, Judge. 1. Where a municipality assumes the control and management of a sewer or drain which has been constructed in a public street, it is bound to use reasonable diligence and care in its operation, maintenance and repair, and in keeping it clear and free of obstruction so as to prevent injury or damage to others, *Langley v. City Council of Augusta,* 118 Ga. 590 (45 SE 486, 98 ASR 133) ; and, where the municipality is in control of the sewer the municipality alone has the power to abate the nuisance, *Smith v. City of Atlanta,* 75 Ga. 110 (2) ; and, although the drainage or sewerage may be sufficient at one time, yet, where by reason or change of conditions, such as increased use, *Candler v. Hunnicutt,* 35 Ga. App. 120 (1) (132 SE 140), *City of Macon v. Douglas,* 45

Ga. App. 798 (1) (165 SE 922), *Massengale v. City of Atlanta,* 113 Ga. 966 (1) (39 SE 578), *City of Macon v. Cannon,* 89 Ga. App. 484 (1) (79 SE2d 816), or, because of a defect at a particular place, *City of Atlanta v. Warnock,* 91 Ga. 210 (1) (18 SE 135, 23 ALR 301, 44 ASR 17), it becomes inadequate, a duty to correct such situation devolves upon the municipality.

2. "The general rule of construction was stated in *Krueger v. MacDougald,* 148 Ga. 429 (1) (96 SE 867), as follows: 'It is an elementary rule of construction, as applied to a pleading, that it is to be construed most strongly against the pleader; and that if an inference unfavorable to the right of a party claiming a right under such a pleading may be fairly drawn from the facts stated therein, such inference will prevail in determining the rights of the parties.' For some of the full-bench decisions by this court applying this rule see *James v. Maddox,* 153 Ga. 208 (111 SE 731); *Green v. Spears,* 181 Ga. 486, 490 (182 SE 913); *Moore v. Moore,* 188 Ga. 303, 305 (4 SE2d 18); *Gormley v. Eison,* 189 Ga. 259, 264 (5 SE2d 643); *Marlin v. Hill,* 192 Ga. 434, 440 (15 SE2d 473); *McEntire v. Pangle,* 197 Ga. 414 (29 SE2d 503); *Spence v. Erwin,* 197 Ga. 635, 641 (30 SE2d 50, 154 ALR 1057); *Crenshaw v. Crenshaw,* 198 Ga. 536 (32 SE2d 177); *County Bd. of Educ. of Wilcox County v. Board of Commissioners &c. of Wilcox County,* 201 Ga. 815, 819 (41 SE2d 398); *Hames v. City of Marietta,* 212 Ga. 331 (92 SE2d 534); *East Georgia Motor Club v. AAA Finance Co.,* 212 Ga. 408, 410 (93 SE2d 337); *Seaboard Air Line R. Co. v. Wilkinson,* 216 Ga. 338 (2) (116 SE2d 588); *Brewton v. McLeod,* 216 Ga. 686, 695 (119 SE2d 105); *Strother v. Kennedy,* 218 Ga. 180 (4) (127 SE2d 19)." *Ford Motor Co. v. Williams,* 219 Ga. 505, 508 (134 SE2d 32). "When a pleading is considered on demurrer, if inferences unfavorable to the rights of the party claiming rights may be fairly drawn from the allegations of the petition, this must be done. *Krueger v. MacDougald,* 148 Ga. 429, supra; *Hardin v. Baynes,* 198 Ga. 683 (32 SE2d 384); *Toler v. Goodin,* 200 Ga. 527 (37 SE2d 609). This rule requires that in such a case pleadings be construed in the light of their omissions as well as their averments. *Toney v. Ledford,* 184 Ga. 856 (193 SE 761); *Mackler v. Lahman,* 196 Ga. 535 (27 SE2d 35); *Toler v. Goodin,* supra. Failure to allege the essential facts by allegations that fall short of the essential facts must be construed to mean the absence of such essential facts.

*Harrell v. Burch,* 195 Ga. 96, 98 (23 SE2d 434) ." *Hulsey v. Interstate Life &c. Co.,* 207 Ga. 167, 169 (60 SE2d 353).

3. Construing the petition in the present case in accordance with the above rulings and principles, where the petition alleges that the defendant business corporation was connected to the sewerage system of a municipality, with the permission of the municipality, which system was adequate at the time but became inadequate when there was "an excessive" increase in sewage emptying into the system by the defendant, as the sewage ran through an 8-inch pipe into a manhole which had only a 6-inch pipe for an outlet, thus overloading the 6-inch pipe to which plaintiff's home system was connected and backing up into plaintiff's home system and overflowing into the basement causing damage to the house and furnishings, and where the petition also alleges that the condition complained of could be remedied in three ways, all of which involved a discontinuance of the use of the municipal sewerage system by the defendant, an inference is authorized that the reduction or decrease in the amount of sewage emptied into the municipal system by the defendant would not remedy the situation, and that the condition complained of by the plaintiff is not caused by "excessive" amounts of sewage emptied into the system by the defendant; but rather by the defect in the construction of the sewer. The petition so disclosing, there is no liability on the part of the defendant. It follows that the trial court erred in overruling the general demurrer to the petition.

4. There being no duty on the defendant to discontinue using the municipal sewerage system, the special demurrers to that portion of the petition alleging that the defendant was committing a wilful and wanton injury by reason of its failure to so discontinue were subject to the special demurrers presented and the trial court erred in overruling the same.

5. The petition disclosing that the house of the plaintiff was in a named town, in a named state and on a named street with a specified house number alleged a sufficient description to furnish a key to the identification of the property involved, *Price v. Gross,* 148 Ga. 137 (2) (96 SE 4), *Hollomon v. Board of Ed. of Stewart County,* 168 Ga. 359 (147 SE 882), and was, therefore, sufficient to withstand a general demurrer insofar as the description is concerned. The cases relied upon by the defendant, *Hamilton v. Evans,* 208 Ga. 780 (4)

(69 SE2d 739), and *Weimer v. Cauble*, 214 Ga. 634 (106 SE2d 781) are not in conflict with the above holding.

6. The question not being properly raised in the court below by special demurrer, no question is presented in this court as to whether the cost of repair of plaintiff's home is a correct measure of damages. As to this type of damage, see *Edelson v. Hendon*, 77 Ga. App. 395 (48 SE2d 705).

7. Nothing said in this opinion shall be construed as holding that the municipality involved here is liable in a suit for damages brought by plaintiff herein.

8. The judgment is reversed for the error of the trial judge in overruling the general demurrer for the reasons given in Division 3 of this opinion, and in overruling the special demurrers referred to in headnote 4. All grounds of special demurrer not herein specifically dealt with were without merit, and the trial court did not err in overruling them.

*Judgment reversed. Bell, P. J., and Hall, J., concur.*

Decided March 3, 1964.

*Pittman & Kinney, L. Hugh Kemp*, for plaintiff in error.
*C. H. Dalton*, contra.