CABOT INDUSTRIAL DEVELOPMENT CORP. *v.* SHEARMAN CONCRETE PIPE CO.

5-3444                                    387 S. W. 2d 336

Opinion delivered March 1, 1965.

*Smith, Williams, Friday & Bowen,* By *Herschel H. Friday* and *John C. Echols,* for appellant.

*Griffin Smith,* for appellee.

SAM ROBINSON, Associate Justice. Appellee, Shearman Concrete Pipe Company, sold and delivered to Harold W. Smith, 2,883 feet of sewer pipe valued at $2,400.35. Smith used the pipe to lay a sewer line in the City of Cabot, but he failed to pay for the pipe. Shearman filed suit against the City of Cabot, Cabot Industrial Development Corporation, and Aire-Line Mobile Homes Corporation, alleging that the pipe was bought and used by Smith for their use and benefit. Sherman also asked for a lien on property owned by the City of Cabot or the Cabot Industrial Development Corporation and leased by Aire-Line Mobile Homes. The Chancellor held in favor of Sherman, rendered a judgment against appellants, and imposed a lien in favor of appellee on the property occupied by Aire-Line.

It is clear from the record that Smith entered into a contract with the City of Cabot whereby the parties agreed that Smith would furnish the material and labor and lay an extension to the sewer line in the City for a stipulated price of $6,842.00. It is also clear that Smith was an independent contractor in connection with putting in the sewer line. Since Smith was an independent contractor, there is no liability on the part of the City to Shearman for the pipe purchased by Smith. *Marion Machine, Foundry & Supply Co.* v. *Colcord,* 174 Ark. 90, 294 S. W. 361.

But Shearman contends that the pipe was used to improve certain property owned by the City or Cabot Industrial Development Corporation and leased to Aire-Line Mobile Homes; that the property in question is, therefore, subject to a materialmen's lien under the provisions of Ark. Stat. Ann. § 51-601 (1947).

There appears to be some controversy about who owned the property in question at the time the sewer line was constructed. None of the line was laid on the

property. It makes no difference as to who owned the property because of the preponderance of the evidence shows that the sewer line was not put in as an appurtenance to the property in question. It was simply an extension of the sewer system in the City of Cabot. True, the line was laid to a point that would make it accessible to the property in question, but it was not constructed as an appurtenance to that property. The sewer line constitutes a public service, available to all property owners who wish to connect therewith.

Appellee relies largely on *Speer Hardware Co.* v. *Bruce Bros.*, 105 Ark. 146, 150 S. W. 403, but the Speer case is distinguishable from the case at bar. In that case, the pipe was appurtenant to the property involved. Here, the sewer line is not appurtenant to the property on which Shearman seeks a lien. The owner of the property has no control over the sewer line and has no more right to use it than any other property owners whose property is so located that a connection can be made with it. In fact, at the time of trial of this case, five other property owners had connected their property with the sewer line.

Reversed and dismissed.