450 P.2d 1021

Dario TRAVAINI, as Director of the Water and Sewers Department of the City of Phoenix, and City of Phoenix, Appellants,

v.

MARICOPA COUNTY, a political subdivision of the State of Arizona, Appellee.

No. I CA–CIV 907.

Court of Appeals of Arizona.

March 3, 1969.

Rehearing Denied April 2, 1969.

Review Denied May 6, 1969.

Robert J. Backstein, City Atty., by Patrick E. Burke, Asst. City Atty., for appellants.

Robert K. Corbin, former Maricopa County Atty., Moise Berger, Maricopa County Atty., by Frederic W. Heineman, Sp. Deputy County Atty., for appellee.

CAMERON, Judge.

Plaintiff, Maricopa County, sought a writ of mandamus in the Superior Court to compel Dario Travaini, Director of the Water and Sewers Department of the City of Phoenix, to grant plaintiff a permit to connect with or tap into an existing sewer line owned and maintained by the City of Phoenix. From the granting of the writ of mandamus by the Superior Court the City of Phoenix appeals.

We are called upon to determine if the City of Phoenix can deny a property holder within the city limits of the City of Phoenix the right to tap into an existing sewer line maintained by the City of Phoenix when the City feels that the sewer lines would be over-burdened by said connection.

The facts necessary for a determination of this matter on appeal are as follows. Plaintiff, Maricopa County, is constructing a hospital related facilities within the city limits of the City of Phoenix at or near 24th and Roosevelt Streets. The City of Phoenix maintains a sewer line running north and south on 24th Street which is adequate for the present needs of the area served. It is this sewer line that the plaintiff, Maricopa County wishes to use in connection with the discharge of sewage from the hospital. The parties have stipulated to certain facts some of which we set forth below:

"3. Pursuant to the authority vested in it by the State of Arizona and the charter and ordinances of defendant City of Phoenix, said defendant constructed and now maintains a public sewer running north and south on 24th street in Phoenix, Arizona, including the intersections of Pierce and Roosevelt streets, and said sewer is physically available to the Mari-

copa County Hospital site and will be so available when said hospital is completed.

"4. The ordinances of defendant City of Phoenix provide that whenever a city sewer is available the property owner must tap into it, except that defendants assert that plaintiff has no right to tap into said sewer for the reasons set forth below in paragraph 8.

\*　\*　\*　\*　\*　\*

"7. On 21 November 1967 plaintiff applied to the Water and Sewer Department of said City of Phoenix for a written permit for said sewer connection. Said application was in all respects in proper form and in full compliance with the requirements of the ordinances of the City of Phoenix, except that defendant Dario Travaini as Director of the Water and Sewers Department of the City of Phoenix asserts that he has no duty to issue said permit for the reasons set forth in paragraph 8.

"8. Said permit was not issued by defendant Dario Travaini as Director of the Water and Sewers Department of the City of Phoenix because it is his position and that of the City of Phoenix that (a) the existing sewer lines do not have sufficient capacity to serve the area now served plus the additional demands that will be placed on it by Maricopa County Hospital when it is completed, (b) the City of Phoenix has no duty to provide additional sewer capacity for the Maricopa County Hospital at the City's expense, and (c) any enlargement of the present sewer facilities needed to accomodate the needs of the new Maricopa County Hospital must be paid for by Maricopa County.

\*　\*　\*　\*　\*　\*

"10. The existing sewer lines are the property of the City of Phoenix, and any new or enlarged sewer facilities would also be the property of the City of Phoenix."

■ Although it would appear that the parties hereto are fighting over which one will have to sustain the cost for the construction of additional sewer facilities the sole issue before this Court is whether or not under the circumstances Maricopa County has a right to compel the City to allow the County to tap into the existing sewer line maintained by the City of Phoenix. If the County has this right, mandamus is the proper remedy:

> "Reasonable sewer capacity being shown to serve the petitioners' buildings, they had a right to the connections. This was a present legal right and the writ of mandamus could not have been refused as matter of discretion." Clark v. Board of Water & Sewer Com'rs. of Norwood, 353 Mass. 708, 234 N.E.2d 893, 895 (1968).

■ Although there is no requirement that the City provide sewer services we believe the law in Arizona to be that once a city undertakes to provide a service to the people in the city it must provide that service adequately and on an impartial and non-discriminatory basis:

> "The record shows that defendant owns the municipal water distribution system in the City of Phoenix; we have held that in operating a water system, a city is a public service corporation. (citations) It also appears to be the rule that a public service corporation is under a legal obligation to render adequate service impartially and without discrimination to all members of the general public to whon its scope of operation extends. (citations)." Veach v. City of Phoenix, 102 Ariz. 195, 427 P.2d 335 (1967).

And while the city may make such reasonable regulations as are necessary such as requiring industrial users to process the sewage before emptying the sewage into the city lines, the city cannot unreasonably deny a property owner the right to connect with the line. Cabot Indus. Dev. Corp. v. Sherman Concrete Pipe Co., 239 Ark. 93, 387 S.W.2d 336 (1965).

> "A sewer line constitutes a public service, available to all property owners who wish to connect therewith." McQuillin, Municipal Corporations, Third Edition Re-

vised, Volume 11, Section 31.30, 1968 Cumulative Supplement.

Having installed and maintained a sewer line past the property in question, the city is thereafter required to allow any abutting property owner to use said sewer subject only to reasonable limitations. In the instant case where any enlargements or additions to the existing sewer facilities becomes the property of the City of Phoenix, to require the County alone to pay for this city improvement would unduly discriminate against the County contrary to the rationale of Veach v. City of Phoenix, supra, and this is true even though the City may have to build a new line to accommodate sewage from the hospital:

"Where a municipality assumes the control and management of a sewer or drain which has been constructed in a public street, it is bound to use reasonable diligence and care in its operation, maintenance and repair, and in keeping it clear and free of obstruction as to prevent injury or damage to others (citations); and, where the municipality is in control of the sewer the municipality alone has the power to abate the nuisance (citations); and, although the drainage or sewerage may be sufficient at one time, yet, where by reason or change of conditions, such as increased use (citations); or, because of a defect at a particular place (citations) it becomes inadequate, a duty to correct such situation evolves upon the municipality." E. T. Barwick Mills, Inc. v. Stevens, 109 Ga.App. 248, 136 S.E.2d 28, 29 (1964).

The judgment is affirmed.

DONOFRIO, C. J., and STEVENS, J., concur.