LOUISVILLE & NASHVILLE RAILROAD COMPANY *v.* TABITHA C. STEWART.

1. OIL PORTRAITS. *Value. Pretium affectionis.*

   The value of oil portraits destroyed by defendant should not be measured by *pretium affectionis.*

2. SAME. *Rule. No market value.*

   Such articles having no market value, the rule is to show actual value to the owner of the portraits, taking into account their costs, the practicability and expense of replacing them, and such other considerations as in the particular case affect their value to the owner.

FROM the circuit court of Hancock county.

HON. THADDEUS A. WOOD, Judge.

Mrs. Stewart, the appellee, was the plaintiff, and the railroad company was defendant in the court below. The plaintiff shipped a car load of furniture and household effects, including several oil portraits, from Bay St. Louis, Mississippi, to New

Orleans, Louisiana. The furniture was badly damaged and the portraits destroyed when it reached New Orleans, and the plaintiff sued to recover damages because thereof. On the trial she made out her case except as to the portraits. The state of the evidence touching their value is stated in the opinion of the court. Plaintiff recovered a judgment for a sum so large that it necessarily embraced a considerable sum for the portraits, and the defendant appealed to the supreme court.

*Gregory L. Smith*, for appellant.

Plaintiff's attorney was allowed, against the objection of defendant, to ask plaintiff, when she was upon the stand as a witness, the following question: "What were those portraits worth to you by virtue of their association—the fact that they were portraits of your husband's ancestors—members of your family?" The defendant duly excepted to this ruling of the court, and subsequently made it one of the grounds of its motion for a new trial.

Where damages to property that has no market value are sought to be recovered, the measure of such damages is based, as a general rule, upon the actual value thereof to the owner, taking into consideration its cost, the practicability of repairing the damage and such other consideration as in the particular case affects its value to the owner. This doctrine has been applied to the recovery of damages for injury or loss of family portraits in several cases, and the doctrine, as found in all of the text-books, is based upon these cases. The examination of these cases will show that in none of them has it been held that a witness may testify directly as to what such value is. On the contrary, such value must be proven by showing the cost, and whether the damage can be repaired and the expense thereof, and such other facts as may throw light upon the peculiar value of the portraits to the owner, and from these facts the jury must determine what the value is. A statement of the general doctrine will be found in Hutchinson on Carri-

ers, sec. 770; 2 Rapalje & Mack's Dig. of Ry. Cases, p. 301, par. 797. And the cases upon which the doctrine as applicable to portraits is based are *Green* v. *Boston & Lowell R. R. Co.*, 128 Mass., 226; *Houston & T. C. R. R. Co.* v. *Burke*, 55 Texas, 323; *Mather* v. *American Exp. Co.*, 138 Mass., 57.

*A. Y. Harper*, *George S. Dodds*, and *Harper & Potter*, for appellee.

The portraits had no market value, and the general rule touching the measure of damages for the destruction of personal property is not applicable. *Denver, etc., R. R. Co.* v. *Frame*, 6 Colo., 382; *International, etc., R. R. Co.* v. *Nicholson*, 61 Tex., 550; *Gulf, etc., R. R. Co.* v. *Clark*, 2 Tex. App. (civil cases), 459; *Missouri, etc., R. R. Co.* v. *Hewett*, 2 Tex. App. (civil cases), 205; Hale on Damages, 182.

WHITFIELD, C. J., delivered the opinion of the court.

The court excluded the hearsay testimony of Mrs. Stewart as to the value of the oil portraits, and there was no evidence before the jury as to cost. Nor was there any as to what it would cost to replace or restore them; nor any of any kind except that she was allowed to answer as to what they were worth to her from the associations connected with them, they being family portraits, their purely sentimental value in other words. This is not competent.

The true rule in such cases is not to inquire as to market value, since such articles have no market value, but to show the "actual value to him who owns the portraits, taking into account the cost, the practicability and expense of replacing them, and such other considerations as in the particular case affect their value to the owner." *Green* v. *R. R.*, 128 Mass., 221; *International R. R. Co.* v. *Nicholson*, 61 Tex., 550; Hutchinson on Carriers, sec. 770 *b*.

It was error not to have sustained the objection made to this testimony. But the evidence would abundantly sustain a ver-

dict for $538 (damages to the other articles), and if appellant
will remit down to that sum, the judgment will be affirmed,
since on the facts of this record there is no merit in any other
contention.    So ordered.