### 13986.   LOUISVILLE & NASHVILLE RAILROAD COMPANY *et al. v.* FAUST.

JENKINS, P. J.  This was a suit for damage to an automobile, occasioned by a collision with the defendant's cars at a public road crossing in the city of Lexington.  A judgment for $1,000 was rendered in favor of the plaintiff.  The defendant excepts to the overruling of its motion for new trial.  *Held*:

1. The evidence authorized, but did not demand, the finding in the plaintiff's favor.

2. By the provisions of the act approved August 19, 1918, it is the duty of an engineer operating a locomotive engine within the corporate limits of cities, towns, and villages to signal the approach of the train to a crossing by constantly tolling the bell of the locomotive, and it is his duty to keep and maintain a constant and vigilant lookout along the track ahead of the engine, exercising due care in controlling the movements of his train, so as to avoid doing injury to persons or property which may be on such crossing or within 50 feet of the same.  It is his further duty to " observe any ordinance of such city, town, or village, which may lawfully be passed, regulating the speed at which railroad trains may be run therein."  Ga. L. 1918, p. 213; 8 Park's Code Supp. (1922), § 2677 (d).  Thus, while under the present law there remain certain specified duties of the person operating the train, the non-performance of which would constitute negligence per se, and while the engineer in thus operating his train is further required to exercise due care in order to avoid accidents, the former provision of law specifically requiring that, upon the approach of a train to a crossing, the engineer should check and keep checking the speed of the train so as to stop in time should any person or thing be crossing the track, no longer obtains so as to render his failure so to do negligence as a matter of law; and since questions as to what acts or conduct constitute negligence, except where expressly made so by statute, lie peculiarly within the province of the jury, the court should not attempt so to designate them.  *Ga. Ry. & Power Co.* v. *Shaw*, 25 *Ga. App.* 146 (102 S. E. 904), and cases there cited.  It was therefore error for the court to charge that a failure to have the train under such management and control in approaching the crossing as would enable the engineer to bring it to a stop in case any person or thing was on or near the same, amounted to negligence as a matter of law.  What was said in *Ocilla So. R. Co.* v. *McInvale*, 26 *Ga. App.* 106 (106 S. E. 451), and *Ocilla So. Ry. Co.* v. *Taylor*, 27 *Ga. App.* 733 (110 S. E. 244), is not in conflict with the ruling here made, since each of these cases, growing out of the same accident, which occurred on November 18, 1916, was tried under the law as it existed prior to the act of 1918.  The reference in the *Taylor* case to the act of 1918 could only have been inadvertently made.

3. Section 4426 of the Civil Code (1910) provides that, " if the plaintiff by ordinary care could have avoided the consequences to him-

self caused by the defendant's negligence, he is not entitled to recover. But in other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained." But "the duty resting by law upon all persons to exercise ordinary care to avoid the consequences of another's negligence does not arise until the danger is impending, or the circumstances are such that an ordinarily prudent man would have reason to apprehend its existence. Failure to exercise ordinary care on the part of the person injured, before the negligence complained of is apparent or should be reasonably apprehended, would not preclude a recovery, but would authorize a jury to diminish the damages in proportion to the fault of the person injured." *Atlanta Ry. Co.* v. *Gardner*, 122 *Ga.* 82, 87 (49 S. E. 818). See also *Comer* v. *Barfield*, 102 *Ga.* 485, 489 (31 S. E. 89). Thus, in a case such as this the plaintiff can recover partial damages for injuries caused by the negligence of a railway company, notwithstanding his own fault, which might in some less degree have contributed thereto, provided that he exercised ordinary and reasonable caution to avoid the consequences of the defendant's negligence, after it had or should have become apparent. *Cen. of Ga. Ry. Co.* v. *Larsen*, 19 *Ga. App.* 413, 418 (91 S. E. 517). One portion of the charge complained of seems to recognize the right of the plaintiff to recover partial damages, even though he failed to exercise ordinary care to avoid the consequences of the defendant's negligence after it had or should have become apparent. The excerpt complained of is as follows: "If the plaintiff, at the time the negligence of the defendant became apparent to him, or before the time arrived, as an ordinarily prudent person should have apprehended its existence, and the plaintiff did not exercise that amount of care the circumstances would make it necessary to exercise under like circumstances — that an ordinarily prudent man would have exercised, the failure to exercise that due care and diligence would not entirely preclude a recovery; but the jury should diminish the amount of damages in proportion to the amount of default attributable to the plaintiff."

4. It was error to instruct the jury as follows: "The measure of damages in this case, should you find for the plaintiff, would be the fair market value of the automobile at the time of this collision, and you would arrive at this value by using the highest proven market value that has been shown to you by the evidence in this case." The correct measure of damages was the difference between the actual market value of the automobile before and after it was injured. The evidence was in conflict as to its previous value, and there was evidence indicating that the injury did not render it absolutely worthless.

5. The court charged: "Should you find for the plaintiff, you would then figure the interest at 7 % on whatever value you determined that plaintiff might be entitled to recover, and add that to the other amount and return a verdict in one sum at 7 % interest from the time of this collision between the train and the automobile. You take all the facts and circumstances into consideration, and if

you believe by the preponderance of the evidence that plaintiff is entitled to recover in this case, the form of your verdict would be, ' We, the jury, find in favor of the plaintiff ' so much, meaning the amount you find as damages, together with 7 % interest from the time of this collision between the train and the automobile. You take all the facts and circumstances into consideration, and if you believe by a preponderance of the evidence that plaintiff is entitled to recover in this case, the form of your verdict would be, ' We, the jury, find in favor of the plaintiff ' so much, meaning the amount you find as damages, together with 7 % interest since the collision." In fixing the amount of damages under a suit for destroyed property, interest is not recoverable eo nomine, but the jury may consider the length of time damages have been withheld, and all the circumstances of the transaction, and may in their discretion increase the amount of damages accordingly. *Western & Atlantic R. Co.* v. *McCauley*, 68 *Ga.* 818; *Western & Atlantic R. Co.* v. *Brown*, 102 *Ga.* 13 (29 S. E. 130). It was therefore error to charge in effect that interest should necessarily be added to the amount of damages arrived at.

6. It is unnecessary to pass upon any of the remaining grounds of the motion for new trial. For the most part they are without merit, and many of them relate to alleged errors in the charge where the excerpt complained of must be construed in connection with the context. In none of the remaining grounds are questions raised which are likely to become involved in a second trial.

> *Judgment reversed. Stephens and Bell, JJ., concur.*
> DECIDED MAY 21, 1923.

Action for damages; from city court of Lexington — Judge Joel Cloud. September 25, 1922.

*W. W. Armistead, Miles W. Lewis,* for plaintiffs in error.
*Calloway & Howard,* contra.