## 28943. CHERRY v. McCUTCHEN.

DECIDED JULY 14, 1941.

*E. O. Wright Jr., J. Wightman Bowden, John R. Strother,* for plaintiff in error.

*Paul S. Etheridge Jr.,* contra.

FELTON, J. P. T. McCutchen Jr. brought a trover suit against J. M. Cherry, doing business as Cherry Transfer & Storage Company to recover a certain oil painting. The case was tried by the judge without the intervention of a jury, and he rendered judgment for the plaintiff in the sum of $2470.80. The defendant filed a motion for new trial, and the exception is to the judgment overruling that motion.

1. The warehouse receipt and contract under which the articles were left with the defendant contained the following clauses: "It is hereby specifically agreed between the parties hereto, that if any trunk, box, bundle or crate of goods, covered by this receipt and contract contains any jewelry, hand work, or other articles of high value, such articles shall be referred to and described in the list below and the value stated by the owner, so as to put Cherry Transfer & Storage Co. on notice of such contents and value. It is further agreed that if such notice is not given of the contents and value by the owner in writing, or having the same written in the list below, before, or at the time of signing this contract, no claims shall afterwards be made for more than the actual value and in no case for a value in excess of $20 for any one such trunk, box or crate, together with the contents of the same. It is further agreed, that for each $20 or fraction thereof in excess of $20 declared value the owner will pay fifty cents per month excess storage." It is contended that because of the fact that there was no value in excess of $20 declared on the picture in question, and more especially no value approximating the amount of the recovery, that the recovery of the plaintiff should be limited by this provision to $20. We are unable to agree with this contention. Conceding for the sake of the argument that the bailee in this case could limit his liability even against his own negligence, the evidence demanded the finding that the article for the loss of which recovery is sought was not one

of those enumerated in the contract, nor was it of that general kind of article, and the contract provision could have no application. The evidence showed that the picture was unwrapped, and if it was wrapped into a bundle at all it was done by the bailee.

2. A more serious question is presented in whether or not the evidence authorized the recovery of the amount of the judgment in view of the nature of the article itself and the evidence of its value introduced on the trial. It will probably be well to set out all of the evidence touching the value of the article lost.

P. T. McCutchen Jr. testified: "These goods were stored . . the latter part of August, 1936, and stayed there until December, 1939. In the meantime I built a house. . . Part of the furniture was missing, that being one oil painting that was painted by my mother. It was approximately twenty-four inches wide and thirty inches long. . . In decorating my house my wife was carrying out the color scheme of that picture in the living room. It was to be placed over the mantel in the living room. We were building the living room around this picture. My wife got Mrs. McMillan, who is an interior decorator . . and a contractor,. . . and they went to see the picture and they could not find it. That was about thirty days before we moved into the house. It was. about when they were trimming it and getting ready to trim the inside of the house, and she was going to select some draperies, and to tint the walls, and she wanted to get them to match the picture, which is light green. Mrs. McMillan had never seen the picture before. She has never seen it. . . My mother is not living. She died when I was two and one-half years old. This picture was painted by her. I don't know what the value of it is except that I would not want to take that if I got hard up, I would not take $2500 for it. I say the value of that picture is $2500. It was a snow scene. . . It was in an old wooden frame, with maple leaves embossed on the frame. . . It had her initials over in the right-hand corner: 'M.C.' "

P. T. McCutchen Sr. testified: "My first wife, the plaintiff's mother, painted this picture. It was painted several years prior to our marriage and I think it was about 1891 or 1892 was the first time I saw it and we married in 1895. It was painted by her while she was in college . . taking a special art course. . . I carefully preserved this picture at our home after that. My

son was married and established his own home and the picture was turned over to him, . . P. T. Jr., when he was a little child and all along loved that picture and he would sit or stand and look at it. . . I told him, 'Son, this picture must be taken care of because I value this picture.' None of Mrs. McCutchen's pictures had ever been put on the open market. . . I remember a lady asked her if she would take $100 for a picture. 'Oh,' she said, 'I wouldn't take anything for them. I just prize them and paint them for my own satisfaction and I wouldn't consider anything as a sale price for them.' Of course this picture had value to me. I wouldn't have let it go out of the family for anything, for any amount, you might say, and I told . . P. T. Jr., . . 'Be sure that it don't go to sale to anybody.' I would rather have the picture anytime than $2500, as far as having approved of the picture going out of the family or going to some third party."

Much has been said about the measure of damages in the event of loss of articles as in the case at bar. The general rule seems to be that "Where the property is not marketable its value must be ascertained by such proof as the nature of the case admits of. One criterion of damage may be its actual value to the owner, and this is the rule where it is chiefly or exclusively valuable to him." 4 Sutherland on Damages, § 1099. The leading case in this country on the subject seems to be Green v. Boston & Lowell Railroad Co., 128 Mass. 221 (35 Am. R. 370). In that case the action was to recover for the loss of a portrait of the plaintiff's father. The court held that the measure of damages was the actual value of the portrait to the plaintiff, and not the market value, and evidence that he had no other portrait of his father was admissible. The court said: "The general rule of damages in trover, and in contract for not delivering goods, undoubtedly is the fair market value of the goods. But this rule does not apply when the article sued for is not marketable property. To instruct a jury that the measure of damages for the conversion or loss of a family portrait is its market value would be merely delusive. It can not with any propriety be said to have any market value. The just rule of damages is the actual value to him who owns it, taking into account its cost, the practicability and expense of replacing it, and such other considerations as in the particular case affect its value to the owner." Kahn v. Cole (Tex. Civ. App.), 227 S. W. 556; Shewalter v. Wood

(Mo. App.), 183 S. W. 1127; Bateman *v.* Rider, 106 Tenn. 712 (64 S. W. 48); Southern Express Co. *v.* Owens, 146 Ala. 412 (41 So. 752, 8 L. R. A. (N. S.) 369), and note. But while the rule is that the actual value to the owner can be recovered it is also true that there can be no recovery for the sentimental value of the lost article. In Kahn *v.* Cole, supra, it was held that evidence of sentimental value to the owner was inadmissible. The measure is the value of the property to the owner, and "must not be any fanciful price that he might for special reasons place upon them; nor on the other hand the amount for which he could sell them to others, but the actual loss in money he would sustain by being deprived of the value of the articles." Houston &c. R. Co. *v.* Ney (Tex. Civ. App.), 58 S. W. 43. See L. & N. R. Co. *v.* Stewart, 78 Miss. 600 (29 So. 394).

Having the rules laid down that the measure of damages for the loss of articles which have no market value is the actual value to the owner, and not merely the sentimental or fanciful value, we look to see if the evidence adduced on the trial of the case at bar brings to light any facts upon which the judgment for the amount rendered can be based. The plaintiff testified that he did not know what the value of the picture was, and then testified that he would not want to take $2500 for it, and then stated that the value was $2500. Construing the plaintiff's testimony most strongly against him, which is the proper rule of construction, it failed to show the value of the picture to the owner. The father of the plaintiff testified that he would rather have the picture than $2500 as far as letting it get out of the family and into the hands of some third party was concerned. This was not evidence of the value of the picture to the owner, but value from the viewpoint of the father.

Under the evidence and the law applicable thereto, the judgment for $2470.80 was not authorized, and consequently the judgment is reversed. *Judgment reversed. Sutton, J., concurs.*

Stephens, P. J., concurring specially. While it has been held that there can be no recovery for a sentimental value as such, this would not preclude a consideration by the jury of the nature and character of the property, such as, as in this case, the fact that the lost article was a painting made by the plaintiff's mother, who had since died, and which, on account of such association, he prized highly. In Suydam *v.* Jenkins, 3 Sandf. 614, 621, it is stated:

"The value to the owner may be enhanced by personal or family considerations, as in the case of family pictures, plate, etc., and we do not doubt that the 'pretium affectionis,' instead of the market price, ought then to be considered by the jury or court in estimating the value. In these cases, however, it is evident that no fixed rule to govern the estimate of value can be laid down, but it must of necessity be left to the sound discretion of a jury, in the exercise of a reasonable sympathy with the feelings of the owner." In Greene v. Boston & Lowell R. Co., 128 Mass. 221, supra, which is often referred to as the leading case on this question, where the plaintiff sued for the value of a portrait of his father, the court stated as follows: "The just rule of damages is the actual value to him who owns it, taking into account its cost, the practicability and expense of replacing it, and such other considerations as in the particular case affect its value to the owner. . . This being the rule of damages testimony of the plaintiff that he had no other portrait of his father would bear upon the question of its actual value to him and was competent."

Except as above stated, I concur in all that is said in the opinion. and in the judgment of reversal.