37104.   DRIGGERS *v.* ATLANTA GAS LIGHT COMPANY.

DECIDED APRIL 17, 1958.

*Jay M. Sawilowsky*, for plaintiff in error.

*William C. Reed, Fulcher, Fulcher, Hagler & Harper*, contra.

QUILLIAN, Judge. The petition did not set out a cause of action for the reason that there was no allegation that the plaintiff was damaged or that there was consideration for the promise alleged to have been breached by the defendant. The only consideration for the promise was that the defendant was liable for the damage done the defendant's dog, or apparently so, and that the promise was made upon the tacit understanding that the payment of the dog's hospital and medical expenses would release the defendant from all real or apparent liability for damages done the dog. The petition does not allege the dog had any value. In order for a petition, on whatever basis founded—whether sounding in contract or tort, to fix liability upon one who negligently damages the plaintiff's personalty, it must show that the personalty had value, and what the market value of the personalty was immediately prior and subsequent to the event that caused the damages. *Louisville & Nashville R. Co.* v. *Faust*, 30 *Ga. App.* 310 (117 S. E. 761); *Douglas* v. *Prescott*, 31 *Ga. App.* 684 (121 S. E. 689).

The theory that the defendant's alleged promise was valid consideration because accepted by the plaintiff to his detriment is not sound. The petition alleges the costs of the treatment but not the value of the dog. For all the petition shows the value of the dog may have exceeded his medical and hospital expenses, so that the dog experienced benefit and his master profit. The judge did not err in sustaining the general demurrer to the petition.

*Judgment affirmed. Nichols, J., concurs. Felton, C.J., concurs in the judgment.*