**FIRST DIVISION
PHIPPS, C. J.,
ELLINGTON, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**March 30, 2015**

# In the Court of Appeals of Georgia

A14A1960, A14A1961. BARKING HOUND VILLAGE, LLC et al.
  v. MONYAK et al.; and vice versa.

PHIPPS, Chief Judge.

These appeals arise out of a claim for damages for the death of a dog (a mixed-breed daschund) owned by Robert and Elizabeth Monyak. In 2012, the Monyaks boarded their two dogs (the daschund and a mixed-breed labrador retriever) for approximately ten days at a kennel owned and operated by Barking Hound Village, LLC (hereinafter the "BHV") and managed by William Furman. Three days after the Monyaks picked up their dogs, the daschund was diagnosed with acute renal failure. It received kidney dialysis treatments to treat the condition, and died approximately nine months later, in March 2013.

The Monyaks filed suit against BHV and Furman for damages, alleging that while boarded at the kennel, the daschund was administered toxic doses of a non-steroidal, anti-inflammatory medication which had been prescribed to the labrador retriever, not the daschund. The Monyaks had left the medication at the kennel, with directions to administer it to the labrador retriever. The Monyaks alleged various claims of negligence by BHV and Furman, and they sought compensatory damages, including over $67,000 in veterinary and other expenses allegedly incurred in treating the daschund. The Monyaks also alleged fraud and deceit, and they sought damages for litigation expenses as well as punitive damages.

BHV and Furman filed a motion for summary judgment with regard to all the Monyaks' claims. The trial court issued an order denying the motion, except as to fraud; the trial court granted summary judgment as to the fraud claim.

We granted the application for interlocutory appeal by BHV and Furman, and they timely filed a notice of appeal (Case No. A14A1960), challenging the partial denial of their motion for summary judgment and the trial court's ruling as to the appropriate measure of damages for the loss of the dog. Thereafter, the Monyaks filed a cross-appeal (Case No. A14A1961), challenging the grant of summary judgment to BHV and Furman on the fraud claim.

2

1. BHV and Furman contend that the trial court erred in partially denying their motion for summary judgment. The trial court ruled as follows.

> At trial, [the Monyaks] will be permitted to present evidence of the "actual value" of [the daschund] to them, as demonstrated by reasonable veterinary and other expenses incurred in treating [the daschund's] illness. In addition, [the Monyaks] may introduce evidence of non-economic factors demonstrating [the daschund's] intrinsic value. . . . The Court is mindful of the caveat expressed by the Court of Appeals in *Cherry*[1] that purely "fanciful" factors should not be considered.

BHV and Furman assert that the proper measure of damages was the market value of the daschund, and that since the Monyaks failed to introduce such evidence, they (BHV and Furman) were entitled to judgment as a matter of law with regard to the negligence claims.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[2] To prevail on a motion for summary judgment, the moving party must show that there is no genuine dispute as to a specific material fact and that this specific fact is enough, regardless of any other facts in the case,

---

[1] *Cherry v. McCutchen*, 65 Ga. App. 301, 304 (16 SE2d 167) (1941).

[2] OCGA § 9-11-56 (c).

to entitle the moving party to judgment as a matter of law. When a defendant moves for summary judgment as to an element of the case for which the plaintiff, and not the defendant, will bear the burden of proof at trial, the defendant may show that he is entitled to summary judgment either by affirmatively disproving that element of the case or by pointing to an absence of evidence in the record by which the plaintiff might carry the burden to prove that element. And if the defendant does so, the plaintiff cannot rest on his pleadings, but rather must point to specific evidence giving rise to a triable issue. We review a grant or denial of summary judgment de novo and construe the evidence in the light most favorable to the nonmovant. Because this opinion addresses cross-motions for summary judgment, we will construe the facts in favor of the nonmoving party as appropriate.[3]

The parties do not dispute that, in Georgia, a dog is considered property.[4] "In a suit for damages to personal property, the measure of damages is the market value of the property before and after the damage to such property."[5]

---

[3] *Maree v. ROMAR Joint Venture*, 329 Ga. App. 282, 283 (763 SE2d 899) (2014) (citations omitted).

[4] See *Columbus Railroad Co. v. Woolfolk*, 128 Ga. 631, 632 (58 SE 152) (1907).

[5] *Southern Railway Co. v. Malone Freight Lines, Inc.*, 174 Ga. App. 405, 410 (3) (330 SE2d 371) (1985) (citation omitted); see *Driggers v. Atlanta Gas Light Co.*, 97 Ga. App. 502, 503 (103 SE2d 586) (1958) (citations omitted) ("In order for a petition, on whatever basis founded -- whether sounding in contract or tort, to fix liability upon one who negligently damages the plaintiff's personalty, it must show

4

If [personal] property is destroyed, then the damages would be the full market value of the property at the time of the impairment or loss, and . . . further recovery would be barred as exceeding the maximum that is otherwise allowable. . . . [A] plaintiff cannot recover an amount of damages against a tortfeasor greater than the fair market value of the property prior to the impairment.[6]

The Monyaks argued, and the trial court agreed, that since Georgia courts have recognized an alternative measure of damages for certain items which have little or no market value but which have substantial personal value to the owner, that alternative measure of damages – the "actual value to the owner" – should be applied in this case since the daschund had little or no market value.

Where the absence of a market value is shown, "the measure of damages for the loss of articles which have no market value is the actual value to the owner."[7] Not all dogs have an actual commercial or market value.[8] The Monyaks presented

---

that the personalty had value, and what the market value of the personalty was immediately prior and subsequent to the event that caused the damages.") (physical precedent only).

[6] *MCI Communications Svcs. v. CMES, Inc.*, 291 Ga. 461, 463-464 (728 SE2d 649) (2012) (citations and punctuation omitted).

[7] *Cherry*, supra, 65 Ga. App. at 304.

[8] See *Columbus Railroad Co.*, supra at 635.

evidence showing that the daschund had little or none. Elizabeth Monyak deposed that they had obtained the dog from a rescue center, and that the dog was about eight years old at the time of boarding. Elizabeth Monyak averred by affidavit that they had adopted the dog when it was about two years old, that there was no purchase price for the dog, that it was not a pure breed, that it was never a "show" dog and never generated any revenue, that nothing had occurred during their ownership of the dog that would have increased its market value to the public at large, and that at the time they had boarded the dog at the kennel, the value of the dog to the public was "non-existent or nominal."[9]

In *Cherry*, upon which the trial court relied, the nonmarketable item, and the item with regard to which the trial court determined the appropriate measure of damages was the actual value to the owner, was a painting by the plaintiff's mother, who had died when the plaintiff was two years old.[10] The trial court in the instant case cited in its order other cases which it found applied the *Cherry* "actual value to

---

[9] *Community Bank v. Handy Auto Parts, Inc.*, 270 Ga. App. 640, 643 (1) (607 SE2d 241) (2004) ("One need not be an expert or dealer in the article in question but may testify as to its value if he has had an opportunity for forming a correct opinion.") (punctuation and footnote omitted).

[10] *Cherry*, supra, 65 Ga. App. at 302.

owner" rule as the measure of damages. But none of those cases involved dogs or other household pets;[11] and one case involved realty, unlike this case.[12] Notwithstanding, in two of the cases the determination of the value of damaged or destroyed property was by a measure other than market value, and in an amount which may have exceeded any market value.[13] Accordingly, the trial court did not err in its ruling that it would permit the Monyaks to present evidence at trial of the actual value of the dog to them "as demonstrated by reasonable veterinary and other expenses incurred in treating [the dog's] illness."

---

[11] *Dept. of Transp. v. Vest*, 160 Ga. App. 368, 369-370 (2) (287 SE2d 85) (1981) (when the Department of Transportation condemned property which must be duplicated for a business to survive, and there was no substantially comparable property within the area, then the loss to the forced seller was such that market value did not represent just and adequate compensation to him); *Horton v. Ga. Power Co.*, 149 Ga. App. 328-329, 331 (254 SE2d 479) (1979) (damages recoverable for the destruction of a utility pole belonging to a power company and having value only as an integral part of a complete distribution system was the replacement cost, which was more than the original purchase price); *NEDA Constr. Co. v. Jenkins*, 137 Ga. App. 344-345, 350 (4) (223 SE2d 732) (1976) (where construction company and telephone company caused structural damage to a historic home, monetary award returned by jury to repair the house was not "disproportionate or absurd" where costs for repair of the house were less than its complete replacement, but more than its market value).

[12] *Dept. of Transp. v. Vest*, supra.

[13] *Horton*, supra (replacement cost recoverable); *NEDA Constr. Co.*, supra (repair costs recoverable).

We conclude, however, that the trial court erred in its ruling that the Monyaks could introduce evidence of "non-economic factors demonstrating [the dog's] intrinsic value." In coming to that conclusion, the trial court cited *Cherry* for the proposition that flexibility as to the measure of damages was authorized and evidence of "such other considerations as in the particular case affect its value to the owner," was permitted. The full passage which the trial court cited from *Cherry* reads: "The just rule of damage [when the article sued for is not marketable property] is the actual value to him who owns it, taking into account its cost, the practicability and expense of replacing it, and such other considerations as in the particular case affect its value to the owner."[14]

In *Cherry*,[15] the "other considerations" evidence was the plaintiff's testimony that before he found out that the portrait was missing, he had built his house with a particular area of it constructed with dimensions to display the portrait, and that his wife, likewise, had purchased decor for the room of the house where the portrait would be displayed based on the colors in the portrait.[16] This court specifically stated

[14] *Cherry*, supra, 65 Ga. App. at 303 (citations and punctuation omitted).

[15] 68 Ga. App. 682 (23 SE2d 587) (1942).

[16] Id. at 692.

8

that the trial court had not erred in permitting the introduction of the aforesaid evidence "for the purpose of showing the value of the picture."[17]

The evidence in *Cherry* was not non-economic; and in this case, the trial court misquoted *Cherry* when it stated that *Cherry* had cautioned that "purely 'fanciful'" factors should not be considered when the measure of damages applied is the actual value to the owner. In *Cherry*, the court held unequivocally that the measure of damages "*must not be any* fanciful price that [the owner] might for special reasons place upon them," and that "there can be *no* recovery for the sentimental value of the lost article."[18] Accordingly, damages for the intrinsic value of the dog are not recoverable, and we reverse the trial court's judgment that the Monyaks would be permitted at trial to introduce evidence of non-economic factors demonstrating the dog's intrinsic value.[19]

---

[17] Id.

[18] *Cherry*, supra, 65 Ga. App. at 304 (punctuation omitted; emphasis supplied).

[19] See generally *NEDA Constr. Co.*, supra (recoverable repair costs which exceeded market value were "definite and ascertainable").

2. The Monyaks contend that the trial court erred in granting summary judgment in favor of BHV and Furman on the Monyaks' fraud claim. We disagree. In their complaint, the Monyaks claimed that BHV concealed the alleged medication error and destroyed evidence, and that such acts constituted actionable fraud.

"The elements of fraud are: false representation by the defendant, scienter, intent to induce the plaintiff to act or refrain from acting, plaintiff's justifiable reliance on the false representation and damages to the plaintiff."[20] "To establish fraud, the claimant must also show that it sustained the alleged loss and damage *as the proximate result of* the misrepresentations having been made."[21]

Because the acts upon which the Monyaks' fraud claim rests allegedly occurred after their dog had been injured, the injury was not the proximate result of the acts. Moreover, the evidence did not show that BHV and Furman had actual knowledge prior to the day the Monyaks picked up the dogs that the daschund had been administered medication that was not prescribed for it during its stay at the kennel,

---

[20] *Tankersley v. Barker*, 286 Ga. App. 788, 790 (1), n. 1 (651 SE2d 435) (2007) (citation omitted).

[21] *Nebo Ventures, LLC v. NovaPro Risk Solutions, L. P.*, 324 Ga. App. 836, 842 (1) (e) (752 SE2d 18) (2013) (citation and punctuation omitted; emphasis supplied).

such that the kennel and Furman could have sought treatment for the dog. And the evidence showed that the Monyaks took the daschund to its veterinarian the day after they picked up the dog from the kennel.

> Although the trial court's summary judgment decision on the [fraud claim] was based on . . . different legal theor[ies], that [the claim was duplicative and based on spoliation], we will affirm the judgment of the trial court if it is right for any reason. A grant of summary judgment must be affirmed if right for any reason, whether stated or unstated. It is the grant itself that is to be reviewed for error, and not the analysis employed.[22]

Accordingly, the trial court did not err in granting summary judgment to BHV and Furman on the fraud claim.

*Judgment affirmed in part and reversed in part, and case remanded in Case No. A14A1960; Judgment affirmed in Case No. A14A1961. McMillian, J., concurs. Ellington, P. J., concurs in judgment only.*

---

[22] *Dan J. Sheehan Co. v. Fairlawn on Jones Homeowners Assn.*, 312 Ga. App. 787, 790 (1), n. 11 (720 SE2d 259) (2011) (citation and punctuation omitted).

11