**FIRST DIVISION**
**ELLINGTON, P. J.,**
**PHIPPS, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**November 28, 2016**

# In the Court of Appeals of Georgia

A14A1960.  BARKING  HOUND  VILLAGE,  LLC  et  al.  v.
    MONYAK et al.

PHIPPS, Presiding Judge.

Appellees Robert and Elizabeth Monyak filed a complaint for damages after their dog (a mixed-breed daschund) suffered acute renal failure following a ten-day stay in a kennel owned and operated by Appellant Barking Hound Village, LLC and managed by Appellant William Furman. Appellants moved for summary judgment, arguing that because the Monyaks had not demonstrated that the dog had any market value, their claims were barred as a matter of law.

The trial court disagreed. It found that the Monyaks could introduce evidence at trial of the actual value of the dog to them, "as demonstrated by reasonable veterinary and other expenses incurred in treating [the dog's] illness."[1] The Monyaks

---

[1] The trial court also denied Appellants' alternative request for partial summary judgment on the Monyaks' punitive damages claim. Appellants did not challenge this

could also present evidence of "non-economic factors" demonstrating the dog's intrinsic value.

On appeal, we reversed in part, holding that damages for the intrinsic value of the dog were not recoverable.[2] We affirmed the trial court's ruling that the Monyaks could present evidence of "the actual value of the dog to *them* as demonstrated by reasonable veterinary and other expenses incurred in treating the dog's illness."[3] The Supreme Court granted certiorari, affirming in part and reversing in part our decision.[4]

The Supreme Court held that "the proper measure of damages recoverable by the Monyaks for the negligent injury and death of their dog includes both the dog's fair market value plus interest *and* any reasonable medical costs and other expenses they incurred in treating the animal for its injuries."[5] Although the Monyaks may not

---

ruling on appeal.

[2] *Barking Hound Village v. Monyak*, 331 Ga. App. 811, 815 (1) (771 SE2d 469) (2015) (physical precedent only), *affirmed in part and reversed in part by Barking Hound Village v. Monyak*, 299 Ga. 144 (787 SE2d 191) (2016).

[3] Id. at 814 (1) (punctuation omitted; emphasis supplied).

[4] *Barking Hound Village*, supra, 299 Ga. 144.

[5] Id. at 151 (2) (emphasis in original).

2

recover damages based on the sentimental value of the dog,[6] they may introduce both qualitative and quantitative evidence of the dog's particular attributes to describe its value.[7] "The key is ensuring that such evidence relates to the value of the dog in a fair market, not the value of the dog solely to its owner."[8]

In addition to recovering the fair market value of their deceased dog plus interest, the Monyaks can "recover the reasonable veterinary and other expenses they reasonably incurred in trying to save her."[9] The Monyaks have the burden of establishing the reasonableness of any medical treatment, as well as the reasonableness of the cost of that treatment, in light of all attending circumstances.[10] Accordingly, we remand this case to the trial court for further proceedings consistent with the opinion of the Supreme Court.

*Judgment affirmed in part and reversed in part and case remanded. Ellington, P. J., and McMillian, J., concur.*

---

[6] Id. at 152 (4).

[7] Id. at 153 (4).

[8] Id.

[9] Id. at 153 (5).

[10] Id.