## HARRISON vs. KISER.

1. After the testimony in a case had been closed, and the argument had proceeded, and during the concluding argument of counsel, it was in the discretion of the court to stop the case and compel certain testimony to be brought in by a commissioner, and allow it to be introduced; and he having refused a motion made for that purpose, this court will not interfere, no injustice having been done, and the application having come too late.

2. Suit having been brought for damages resulting from undermining a wall and digging away lateral support in the progress of erecting a house, and the plaintiff having introduced the testimony of the defendant to the effect that she had employed a person, who did the work as an independent contractor, to build the house, and she had no control over the work, there was no error in refusing to charge that "where the proof shows that there is evidence in existence which, if produced, would show the truth of the matter in controversy, and that evidence is within the control of one of the parties to be affected by it, and such party fails to produce such evidence, the presumption of law is that, if the evidence were produced, it would be against the interest of the party withholding or failing to produce it.

3. The plaintiff himself having shown that a contract was made by the defendant with an independent contractor to build a house, and that she had no control thereof, there was no error in refusing to charge that "if the evidence shows that the defendant made a contract in writing with McGilvray, the contractor, that she claims relieves her from liability to the plaintiff, the presumption

of law in the absence of proof to the contrary is, that such contract is in her possession or subject to her control."

4. There was no error in charging that, "under the plea of the general issue, the defendant specially maintains, among other things, that she is not liable to the plaintiff, because the work of which the plaintiff complains was committed by her altogether to an independent contractor, she herself having no direction as to the manner of doing the work"; there being no evidence of ratification by the defendant of the act of the contractor which caused the damage.

5. It not appearing that the contractor was employed to do the work in the manner in which it was done, but it being fairly inferable that it was a work which could have been done in a lawful manner so as to have caused no injury to the plaintiff, it is to be presumed that the contractor was employed to do the work in a lawful, and not in a negligent or unlawful, manner; and under the plea of the general issue alone, there was no error in charging to the effect that, where one has a lawful work to do, and employs another, who has an independent business of his own including work of that class, to do it, and where the employer does not himself exercise any direction as to how it shall be done, he is not responsible for any wrongs that the employé may commit in the course of the work.

6. There was no error in charging that, if the owner of property employed a contractor to do the work of constructing a building, including the excavation necessary for that purpose, and she herself did not give him directions as to the manner of doing the work, then she could not be held responsible for the work as done.

7. Although the employer may have had an agent, who supervised the work for the mere purpose of seeing that it was done in conformity to the contract, without interfering as to the particular method in which it was done or the means by which a given result was to be accomplished, that would not be in law a control and direction of the work by her; and she would not be responsible for the manner in which the work was done, unless she in some manner ratified it, knew how it was done, knew that it was calculated to injure the property of the plaintiff, and ratified the work. In that event she would be liable.

8. The suit being for an injury to the plaintiff's house, and not to his land, the true measure of damages would be whatever sum it would require to put the house in the condition in which it was before it was injured. While it was error to charge that the measure of damages was the difference between the value of the property before the injury was done and afterwards, yet in this case it was an immaterial error, inasmuch as, under the facts, the

plaintiff was not entitled to recover any damages, and a verdict for the defendant was right.

BLECKLEY, C. J., concurring specially as to the question of what might constitute a ratification.

October 20, 1887.

Practice in Superior Court. Evidence. Charge of Court. Master and Servant. Torts. Principal and Agent. Contractors. Ratification. Damages. Before Judge MARSHALL J. CLARKE. Fulton Superior Court. March Term, 1887.

In his declaration, the plaintiff alleged that he was the owner of a brick building of the best material and workmanship, and of modern and improved style, the door and window sills and the columns in front being of granite, and the foundation being bedded in clay from one to three feet below the earth's surface, there being no basement room; that the defendant, preparatory to the erection of a three story brick building on her lot, which lay adjoining his property on the north side, caused to be dug thereon an excavation from nine to twelve feet deep for a basement of her building, in a rainy season, and negligently and unskillfully caused to be removed from under his north wall its natural and lateral supports, the workmen, with picks and shovels, cutting away earth one to three inches thick from plaintiff's lot across the line, whereupon the rain dashed against and undermined the earth under his wall, and caused it to crumble and fall away, so that his floor sank by the consequent settling of his wall, the front of his building was cracked from top to bottom, the windows and doors were wrenched out of plumb, one of his front granite columns split at its base, the window-sills in his second story broke, and the inside plastering on his north wall and overhead was broken and destroyed; that the foundation stones of defendant's building next to plaintiff's line were rough, jagged rocks, not fitting closely up to his house and the earth underneath,

but leaving an exposure between the ·two walls at some places; and that to properly repair the damage done to his building would cost $5,000.

The defendant pleaded the general issue. Her testimony by interrogatories was introduced by the plaintiff, and among other things, she testified that her building was put up by contract with one McGilvray and not under her direction; that the only person she placed any authority with was her brother-in-law, M. C. Kiser, who made the contract and attended to it all, after consultation with her, she giving him authority to act for her. The other evidence introduced by the plaintiff tended to support his allegations, and to show that a proper construction of the adjoining building, so as not to injure his own, would require a different and more careful manner of work than the one pursued.

The defendant introduced no evidence, but cross-examined the plaintiff's witnesses. The jury found in her favor. The plaintiff moved for a new trial on the grounds stated in the decision; and this being refused, he excepted.

GEO. T. FRY, for plaintiff in error.

CANDLER, THOMSON & CANDLER, for defendant.

BLANDFORD, Justice.

The plaintiff in error brought his action against the defendant in error to recover damages which he alleged he received by reason of the careless and negligent manner in which the defendant had excavated her grounds adjoining the plaintiff's building, whereby the plaintiff's house was injured and damaged. The case went to trial, and a verdict was had for the defendant; and thereupon the plaintiff moved the court for a new trial, on several grounds.

1. Besides the general grounds, the motion for new trial alleges that the court erred, during the progress of the trial, in denying and refusing the prayer of the plaintiff, in which

he prayed that W. S. Thomson, Esq., one of the defendant's counsel, who had acted as a commissioner, together with the plaintiff's counsel, in taking the testimony of McGilvray, be required to return the same into court, it being alleged that such testimony was still in the hands of Thomson. It appeared that this application was made after the opening speech to the jury by defendant's counsel and the reply thereto by the plaintiff's counsel, and during the concluding speech by the defendant's counsel, the defendant being entitled to open and conclude the case. We see no error in this ruling of the court. If the testimony was material, the application came too late. Besides, it was in the discretion of the court to stop the case and compel the testimony to be brought in, and to allow the same to be introduced in evidence, thereby reopening the whole case. This discretion of the court we do not feel authorized to interfere with, as we are satisfied in this case that no injustice was done the plaintiff.

2. It is further alleged as error, that the court refused to give the following charge requested by counsel for the plaintiff: "Where the proof shows that there is evidence in existence which, if produced, would show the truth of the matter in controversy, and that evidence is within the control of one of the parties to be affected by it, and such party fails to produce such evidence, the presumption of law is that, if the evidence were produced, it would be against the interest of the party withholding or failing to produce it." Under the facts of this case, there was no error on the part of the court in refusing to give this charge, inasmuch as the plaintiff had introduced the testimony of the defendant herself to the effect that she had employed McGilvray as an independent contractor, and had him to build her house, and had no control over the work.

3. Another error complained of is, that the court refused to instruct the jury as follows: "If the evidence shows that the defendant made a contract in writing with McGilvray, that she claims relieves her from liability to the

plaintiff, the presumption of law, in the absence of proof to the contrary, is that such contract is in her possession or subject to her control." This request is without merit, for the reason that the plaintiff himself had shown to the court and jury that a contract was made by the defendant with McGilvray, as an independent contractor, to do this work, and that she had no control of the same.

4. It is further alleged that the court erred in charging the jury as follows: "Under this plea of the general issue, the defendant specially maintains, among other things, that she is not liable to the plaintiff, because the work of which the plaintiff complains was committed by her altogether. to an independent contractor, she herself having no direction as to the manner of doing the work."

We see no error in this charge. The code, §2962, declares: "The employer is not responsible for torts committed by his employé when the latter exercises an independent business, and in it is not subject to the immediate direction and control of the employer." Another section (2963) declares that, "by ratification of a tort committed for one's benefit, the ratifier becomes liable as if he committed it; otherwise, if the act was done for the benefit of a third person." There is no evidence in this record that the defendant ratified in any manner any action of the employé, McGilvray, which caused the injury to the plaintiff's house; and hence the charge rests upon section 2962 of the code, and is correct.

5. Another charge excepted to is, that the court instructed the jury as follows: "I direct you to inquire in the first place, whether or not this defendant, Mrs. Kiser, is to be treated as responsible for the work done in the excavation as it was done. She says she is not responsible, and the plaintiff says she is. She says she is not so responsible, because she committed it altogether to an independent contractor, over whose conduct she exercised no direction as to the manner in which he should execute the work. I read you, as a rule for your guidance, a section of the code

of this State in this connection : ' The employer is not responsible for torts' (that word ' torts' means wrongs). ' The employer is not responsible for torts committed by his employé when the latter exercises an independent business, and in it '(that is, in the business,) is not subject to the immediate direction and control of the employer.' You perceive, from that statement of the law, that where one has a lawful work to do, and employs another, who has an independent business of his own including work of that class to do, and where he does not himself exercise any direction as to how it shall be done, the employer is not responsible for any wrongs that the employé may commit in the course of that work."

The main objection to this part of the charge is upon the ground, that the defendant has no plea which authorizes it and upon which to base the charge. The complaint is not that the charge is not law, but that it should not have been given in this case, because there is no plea to warrant it. We think the plea of the general issue was sufficient to warrant the charge. It does not appear that the contractor was employed to do the work in the manner in which it was done, but it may be fairly inferred from the record that it was a lawful work, a work which could have been done in a lawful manner, so as to have caused no injury to the plaintiff as alleged in the declaration. Hence it is to be presumed that the employé was employed to do this work in a lawful manner, and not in a negligent and unlawful manner.

6. Another assignment of error is, that the court erred in instructing the jury as follows: " Now this rule of law, of course, must be applied to the case at bar. If you should believe from the evidence introduced to your attention, that Mrs. Kiser employed one McGilvray to do the work of constructing her building, including the excavation necessary for that purpose, and she herself did not give him direction as to the manner of doing the work, then she could not be held responsible for the work as

done." It follows from what has been already said that this is a legal charge. Taking the instructions of the court which had already been given, there is no reasonable exception to this charge of the court.

7. It is further assigned as error that the court charged the jury as follows: " If she had an agent, and that agent supervised the work for the mere purpose of seeing that it was done in conformity with the contract, and without interfering as to the particular method in which it was to be done, or the means by which a given result was to be accomplished, that would not be held in law to be a control and direction of the work by her." If she or her agents had no immediate direction and control of the employé, then she would not be held responsible for the manner in which the work was done, unless she in some manner ratified it, knew how it was done, knew it was calculated to injure the property of the plaintiff, and ratified the work ;—then she would be liable.

8. Complaint is made that the court erred as to the measure of damages, having charged the jury on this subject that the measure of damages was the difference between the value of the property before the injury was done, and its value after it was done. We do not think this was a correct measure of damages in this case, but on the contrary, we are of the opinion that if the plaintiff was entitled to recover any damages, he would be entitled to recover whatever sum it would take to put the house in the condition in which it was before it was injured. The complaint is that the plaintiff's house was injured, not that his land was injured; and we know of no better rule than that which we have stated.. But, although this is error, it is not a material error in this case, inasmuch as, from the facts of the case, the verdict of the jury was right, and the plaintiff was not entitled to recover any damages.

After a careful consideration of this record, we are of the opinion that the court committed no error in refusing a new trial.

Judgment affirmed.