## 11855.   CITY OF MACON *v.* HAWES.

STEPHENS, J. 1. In a suit by a landed proprietor to recover damages for an injury to his buildings, caused by the conduct of the defendant (an adjacent proprietor) in causing an unnatural and artificial accumulation of water to be discharged and precipitated upon the land of the plaintiff, and where the charge of the court, clearly restricted

the plaintiff to a recovery for damage occasioned by the water, the plaintiff being under no duty to do anything to prevent such damage (*Athens Mfg. Co.* v. *Rucker,* 80 *Ga.* 291 (4), 4 S. E. 885), it was not error to fail to charge (without special request) that it was the duty of the plaintiff to exercise ordinary and reasonable care to reduce the damage to his property occasioned by the conduct of the defendant.

2. While the plaintiff's measure of damage to his building is the cost of replacing it in the condition in which it was when the damage occurred (*Harrison* v. *Kiser,* 79 *Ga.* 588 (8), 595, 4 S. E. 320; *Empire Mills Co.* v. *Burrell Engineering &c. Co.,* 18 *Ga. App.* 253 (2), 256, 89 S. E. 530), evidence that it would cost a certain sum to "put it back in the condition it was when it was built" was not erroneously admitted, when the witness further stated, in immediate connection therewith, that it would cost the sum to which he testified "to put the building in a safe condition," and that he "made the estimate on the basis of putting the building back in a first-class condition and making it safe . . putting it back secure, tearing down the back walls, rebuilding the foundation walls and putting the drain-way in a safe condition. I was just looking for the damage to the building."

3. The substance of the request to charge set out in the first ground of the amendment to the motion for a new trial was fully covered by the charge given.

4. Evidence of the condition of the building 10 years prior to the time of its damage was properly rejected by the court, since such evidence was immaterial and irrelevant to illustrate the present issue or to impeach a witness testifying to the condition of the building immediately prior to the time of the damage.

5. There being evidence in detail as to the nature of the damage to the building as a result of the discharge and precipitation of water on the plaintiff's land, caused by the defendant, and it being inferable, from the evidence, that the building was in a safe condition before it was damaged, and there being evidence of the cost of restoring it to such condition, the verdict is not subject to the objection that it is unsupported by evidence, in that the evidence fails to show with reasonable certainty the amount of the damage to the building.

6. The verdict rendered for the plaintiff, while being in excess of the aggregate amounts prayed for as special damages, is not in excess of the lawful interest upon such amounts, computed from the time of the injury to the date of the verdict, and, being within the amount prayed for as damages generally in the petition, is not contrary to law as being in excess of the amount sued for. See, in this connection: *Ga. R. &c. Co.* v. *Crawley,* 87 *Ga.* 191 (13 S. E. 508); *McConnell* v. *Slappey,* 134 *Ga.* 95 (9), 106 (67 S. E. 440).

7. The evidence supports the verdict, and no error of law appears.

*Judgment affirmed. Jenkins, P. J., and Hill, J., concur.*

DECIDED SEPTEMBER 27, 1921.

Action for damages; from Bibb superior court — Judge Mathews. August 18, 1920.

Application for certiorari was denied by the Supreme Court.

*R. G. Plunkett, P. F. Brock,* for plaintiff in error.

*Jordan & Moore,* contra.