28781. BURKE COUNTY *v.* RENFROE.

DECIDED FEBRUARY 15, 1941.

*Lamar Murdaugh, Joseph Law, D. C. Chalker, C. E. Jackson,* for plaintiff in error.
*Fullbright & Burney, Henry J. Fullbright Jr., W. K. Meadow, Spalding, Sibley, Troutman & Brock,* contra.

FELTON, J. ■ The court did not err in overruling the general and special demurrers.

■ No error appears from any of the grounds of the amendment to the motion for new trial.

■ The only question in this case for determination is whether, under the allegations of the petition and the facts of the case, the evidence was sufficient to authorize a verdict for an amount which the jury considered necessary, from the evidence, to put the damaged building in as good condition as it was before the injury complained of; the contention of the plaintiff in error being that the measure of damages was the difference in the value of the premises before and after the injury. The petition alleged and the facts

showed that the Mills Construction Company dug a ditch immediately in front of the plaintiff's building, so near that the excavation caused the front wall of the building to cave in, wrecking the front wall and wrenching and springing the side walls. There was evidence as to what it would cost to replace the building as it was before the damage. The court charged that such cost was the measure of damages, and there was no exception to the charge. The general rule is that where property is damaged for public purposes the measure of damages is the difference between the market value before and after the damage. No measure is fixed by the legislature, and the courts have laid down the general rule for the reason that that measure is generally the fairest and most direct way of ascertaining the damage and compensating the injured party. There are exceptions to the rule, however, and where the above measure will not compensate for the loss, or where there is a more accurate and direct method of fixing the amount of the loss, the courts will follow the method affording adequate compensation or the more accurate and direct method. While we have found no precedent in this State for fixing the damage in such cases as this, cases are cited which apply the rule applied in this case to private injuries where the measure of damages is generally the same as in cases of damage to property for public purposes. *Harrison* v. *Kiser,* 79 *Ga.* 588 (4 S. E. 320) ; *L. & N. R. Co.* v. *Kohlruss,* 124 *Ga.* 250 (52 S. E. 166) ; *Empire Mills Co.* v. *Burrell Engineering &c. Co.,* 18 *Ga. App.* 253 (89 S. E. 530) ; *City of Macon* v. *Hawes,* 27 *Ga. App.* 379 (108 S. E. 479). We think the rules in these cases apply to the case at bar. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*