33793. MORROW *et al. v.* JOHNSTON.

Decided January 23, 1952.

*Osgood Williams, Randall Evans Jr.,* for plaintiffs in error.
*Earle Norman, Knox & Neal,* contra.

WORRILL, J. (After stating the foregoing facts.)  The first special ground of the amended motion for a new trial assigns error on the following charge: "Gentlemen, there are two main questions for you to decide in this case and determine, one of which has been stated, and that is whether or not, if this house

was burned, if it was destroyed by sparks caused by or emitted from the shaving pit of the defendants. If you find from the evidence in the case that though the house was burned that the burning did not originate from sparks from the shaving pit of the defendants, then you would stop there in your investigation and render a verdict in favor of the defendants." It is contended that using the words, "if this house was burned," caused the jury to understand that the defendants were denying that the house burned, thereby causing the jury to believe that, if the defendants would deny such an obvious fact, then none of their denials should be considered. The expression complained of is not susceptible to the construction placed thereon by the movants; but, even if it could be said to have remotely suggested to the jury any unreasonable position of the defendants, such an impression could not rightly be imputed to this jury in view of the court's other statement, "it being admitted in this case that the house was entirely consumed." ·

■ The second special ground contends that the court erred in charging the jury as follows: "If, however, you should determine from the evidence in the case that the fire did originate from that source, then you would go further in the case and determine whether or not the defendants were negligent in any of the ways set out in the plaintiff's petition. And if you find that the defendants were negligent then you would return a verdict in favor of the plaintiff for such amount as you may find from the evidence she would be entitled to recover. If you find that the defendant was not negligent, then and in that event you would return a verdict in favor of the defendants. I charge you, gentlemen, that it is entirely a question for you to determine as to whether or not this particular house was set on fire by sparks emitted from the source claimed by the plaintiff in the case. That is entirely a question for you to determine from all of the evidence, facts and circumstances of the case." It is argued that the charge specifically instructed the jury to return a verdict against the defendants if the defendants were negligent— (a) irrespective of whether said negligence was the proximate cause of the plaintiff's damages; (b) irrespective of whether said negligence was equaled or exceeded by negligence of the plaintiff; and (c) irrespective of whether the plaintiff had exer-

264

cised ordinary care and diligence for the preservation of her own property. (d) It is further contended that the concluding part of the charge objected to stated that it was a question for the jury to determine whether or not the house was set on fire by sparks emitted from the source claimed by the plaintiff—thereby causing the jury to believe that, if the fire was caused by sparks from the defendants' shavings pit, the defendants would be liable irrespective of any negligence on the part of the defendants. (e) It is further argued that the language used entirely overlooked the defenses filed by the defendants. All of these objections are obviously wholly without merit. "When error is assigned upon the failure of the court to charge a required principle of law at a particular place in the charge, or in connection with a specified part thereof, the whole charge must be looked to in order to determine whether or not the alleged omitted part is error; and construing the charge as a whole, if the required part alleged to be omitted at a particular place is elsewhere contained in it, the charge is without error on this ground." *Harper* v. *Hall*, 76 *Ga. App.* 441 (3) (46 S. E. 2d, 201). (a) Elsewhere in the charge, the court instructed the jury: "I charge you that, before the plaintiff would be authorized to recover in this case, she must establish her contentions by a preponderance of the evidence, that is, she must show that this fire was caused in one or more ways, by one or more of the acts of negligence as set forth in her petition, *and that that was the proximate cause of the damage sustained.*" [Italics ours.] (b) A charge to the effect that there could be no recovery where there was negligence of the plaintiff equaling or exceeding the negligence of the defendants was not authorized by the pleadings or the evidence. (c) The court properly instructed the jury: "I charge you that, under the defendants' third defense, if you find that the fire in question and the damages to the plaintiff was the result of plaintiff's failure to exercise ordinary care and diligence to preserve her own property, it would be your duty to stop right there and return a verdict in favor of the defendants." (d) The contention that the charge authorized a finding that the defendants were liable irrespective of negligence is also totally unfounded. In the very excerpt assigned as error we find the following, "If you find that the defendant was not

negligent, then in that event you would return a verdict in favor of the defendants." In at least three other places in the charge, the court instructed the jury that, in order for the plaintiff to recover, she must prove that the fire was caused by the negligence of the defendants. (e) The record shows that the defendants' defenses were not entirely overlooked as contended by counsel for the defendants, but that the court clearly, fully, and accurately instructed the jury as to these defenses. The court first charged: "And I charge you, if you find in favor of the defendants on any one of their separate defenses as set forth in their amendment, then you should stop right there in your deliberations and return a verdict in favor of the defendants." The court then charged each defense separately and stated each time that, if the jury found for the defendant on that defense, it would be its duty to stop right there and render a verdict in favor of the defendants. Later the court gave this instruction: "If you find in favor of the defendants on one of such defenses, it would be your duty to return a verdict in favor of the defendants." "A charge, torn to pieces and scattered in disjointed fragments, may seem objectionable, although when put together and considered as a whole, it may be perfectly sound. The full charge being in the record, what it lacks when divided is supplied when the parts are all united. United they stand, divided they fall." *Brown* v. *Matthews,* 79 *Ga.* 1 (4 S. E. 13).

■ The third special ground assigns error on the following charge: "I charge you that one making use of a fire for such purposes as stated in plaintiff's petition must use ordinary care to prevent damage to the property of another from that fire or the sparks therefrom. Fire being a dangerous agency, the party lawfully using the same in his business must use ordinary care to prevent it spreading and damaging the property of another. If you believe from the evidence that the fire originated from sparks emitted from defendants' shaving pit, then, in determining whether or not the defendant used ordinary care to prevent its damaging plaintiff's property, you may consider the location of defendants' shaving pit as to its nearness to plaintiff's property, its proximity, the method and precautions used by defendants to prevent the escape of sparks from its shaving pit, and all

the evidence introduced bearing on that question. It being entirely a question for you to determine from the evidence." It is contended that it was error to charge that fire is a dangerous agency, and that the following statement was error, "You may consider the location of defendants' shaving pit as to its nearness to plaintiff's property." The charge is without error. Fire is a dangerous agency (*Yeager* v. *Cooley*, 45 *Ga. App.* 452, 454, 165 S. E. 156); and the surrounding circumstances, such as the location of the fire and the diligence of the defendants, could properly be considered by the jury. *Pollard* v. *Walton*, 55 *Ga. App.* 353, 358 (190 S. E. 396).

■ The fourth special ground contends that the statement, "the plaintiff would be entitled to recover the market value of that property at the time it was destroyed," is error, since the replacement value and not the market value is the proper measure of damages. It is true that, where the damage is solely to the building and not to the land, the measure of damages is the cost of restoring the building to the condition it was in when the damage occurred. *Harrison* v. *Kiser*, 79 *Ga.* 588, 589 (8) (4 S. E. 320); *Empire Mills Co.* v. *Burrell Engineering &c. Co.*, 18 *Ga. App.* 253 (2) (89 S. E. 530); *City of Macon* v. *Hawes*, 27 *Ga. App.* 379, 380 (2) (108 S. E. 479); *Burke County* v. *Renfroe*, 64 *Ga. App.* 395 (13 S. E. 2d, 194); *Edelson* v. *Hendon*, 77 *Ga. App.* 395 (1) (48 S. E. 2d, 705). None of the defendants' witnesses testified as to the replacement value, and the testimony of the plaintiff's witnesses indicated that the replacement value was higher than the market value. Howard Stewart testified: "I would give, as an estimate to this jury, that that house was worth at least $2500; in fact you couldn't build that house for that amount today." The plaintiff testified: "And I think it was worth at least $3000 or more. You couldn't replace it for that today, according to Mr. Morris' figures on the building that burned there, you couldn't possibly replace it for $3000." Oscar Beasley, after testifying that the market value of the house at the time it burned was between $2000 and $3000, said: "To go and build that house in Crawfordville, after it burned, I would say it would cost you $3000." As to a house that Osgood Williams owned in Crawfordville, Beasley testified on cross-examination: "I wouldn't know whether you could get

$7000 for it or not. But if it burned and you had to replace it, it would cost you that much or more." The only other witness who testified as to the replacement value was W. H. Dozier, one of the defendants' witnesses, who said on cross-examination; "I don't know what it would cost to build that house now, or then, or any other time." "Legal error is a compound of both error and injury. In the absence of either constituent element the grant of a new trial is not warranted." *Harrison* v. *Hester*, 160 *Ga.* 865 (3) (129 S. E. 528). Since the only evidence as to replacement value set it even higher than the market value and much higher than the verdict, the defendant has shown no error which injured him.

■ The fifth special ground assigns error on the refusal of the court to allow the plaintiff on cross-examination to answer the following question, "Did you have your tenant house insured?" It is contended that the evidence was relevant to show what value the plaintiff had previously placed on her property. The court did not err in refusing to allow counsel to go into the question of insurance. No question of insurance is involved, and the evidence is irrelevant and immaterial. Some time may have passed since the policy was applied for, and the value of the house at the time of the accident may have differed greatly from the value at the time the policy was issued. Further, it is not uncommon for a property owner to insure the property for less than its full value; and if the jury believed that the plaintiff might have been partially or totally paid for her loss by an insurance company, it would have been prejudicial to her case. The testimony was properly excluded.

■ The evidence supported the verdict, which was approved by the trial judge; and the court did not err in overruling the motion for a new trial.

■ The defendant in error asks this court to assess 10% damages, under Code § 6-1801, upon the ground that the case was brought to this court for delay only. It cannot be said conclusively that the case was brought to this court for the reason assigned by the defendant in error, and the motion is denied.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*