40675. SOUTHERN RAILWAY COMPANY et al.
v. WOOTEN.

PANNELL, Judge. 1. A master and his servant may be jointly sued for damages resulting solely from the negligence of the

servant. *Southern R. Co. v. Grizzle*, 124 Ga. 735 (53 SE 244, 110 ASR 191) ; *Southern R. Co. v. Harbin*, 135 Ga. 122 (68 SE 1103, 30 LRA (NS) 404, 21 AC 1011) ; *Fowler v. National City Bank*, 49 Ga. App. 435 (176 SE 113) ; *Georgia Power Co. v. Blum*, 80 Ga. App. 618 (57 SE2d 18) ; *Graham v. Raines*, 83 Ga. App. 581 (64 SE2d 98).

2. While *Code* § 94-1101 provides that "All railroad and electric companies shall be sued by anyone whose person or property has been injured . . . for the purpose of recovering damages for such injuries, in the county in which the cause of action originated . . ." and such provisions are jurisdictional in their nature and cannot be waived, *Summers v. Southern R. Co.*, 118 Ga. 174, 175 (45 SE 27), *Georgia, A., S., &c. R. Co. v. Atlantic C. L. R. Co.*, 88 Ga. App. 426, 429 (76 SE2d 724), this Code section must be construed in connection with controlling provisions of the Constitution of this State which in Art. VI, Sec. XIV, Par. IV (*Code Ann.* § 2-4904) provides that "Suits against joint obligors, joint promissors, copartners, or joint trespassers, residing in different counties, may be tried in either county." The words, "joint trespassers," in this constitutional provision has reference to all joint tortfeasors, *Cox v. Strickland*, 120 Ga. 104 (47 SE 912, 1 AC 870), *Southern R. Co. v. City of Rome*, 179 Ga. 449 (176 SE 7), *Georgia Power Co. v. Blum*, 80 Ga. App. 618 (1), supra, and a suit against a railroad and another as joint tortfeasors may be brought in the county of the residence of the individual tortfeasor; and, the fact that the individual tortfeasor is the servant of the railroad and the servant's negligence is the only negligence charged against the railroad, will not alter the rule. *Central of Ga. R. Co. v. Brown*, 113 Ga. 414 (38 SE 989, 84 ASR 250); *Southern R. Co. v. Grizzle*, 124 Ga. 735, supra; *Georgia Power Co. v. Blum*, 80 Ga. App. 618, supra.

3. While the Supreme Court in *Southern R. Co. v. Harbin*, 135 Ga. 122, supra, held that an action against a railway company and its servant to recover damages solely in consequence of the servant's misfeasance where a verdict is returned finding the servant not liable but finding in favor of the plaintiff against the railway company, such verdict should be set aside and a new trial granted, and did, after so holding, quote from several foreign cases, one of which stated, "But the defendants in this character of action are in no sense joint tortfeasors, nor does their liability to the plaintiff rest upon the same or

like grounds," p. 125, there is no language in the case indicating that its holding was based upon any such theory, and we do not construe this case as holding that a servant codefendant ,of a railroad whose negligence is the basis of the action against both is not a joint tortfeasor with the railroad within the meaning of the constitutional provision relating to venue.

4. Of the alleged releases from liability attached to the petition, one is identical with that construed adversely to the defendant railway company in *Bohannon v. Southern R. Co.*, 97 Ga. App. 849 (104 SE2d 603), and we think properly so, insofar as it is applicable to the facts of this case, and therefore refuse to grant defendant's request to overrule this case. The other alleged releases relate only to damage by fire, (see, *Davis v. Gossett & Sons*, 30 Ga. App. 576, 118 SE 773), and have no application to the present case where no fire was involved. The release in *Blitch v. Central of Ga. R. Co.*, 122 Ga. 711 (50 SE 945), and in *Dowman-Dozier Mfg. Co. v. Central of Ga. R. Co.*, 29 Ga. App. 187 (114 SE 815), related to injury caused by "fire or any other cause whatsoever" *even if caused by negligence of the railway,* and for this reason each is distinguishable from the releases in the present case.

5. Ordinarily, "Where the injury or damage complained of is solely to a building and not to the land the measure of damages is the cost of restoring the building to its original condition. *Harrison v. Kiser*, 79 Ga. 588 (8) (4 SE 320); *Empire Mills Co. v. Burrell Engineering &c. Co.*, 18 Ga. App. 253 (2) (89 SE 530); *Central R. & Bkg. Co. v. Murray*, 93 Ga. 256 (4) (20 SE 129); *Burke County v. Renfroe*, 64 Ga. App. 395 (13 SE2d 194)." *Edelson v. Hendon*, 77 Ga. App. 395 (1) (48 SE2d 705). While there may be an exception to this rule where restoration to the condition at the time of destruction would "be an absurd undertaking" because of the dilapidated condition of the building, *Mercer v. J & M Transportation Co.*, 103 Ga. App. 141 (2) (118 SE2d 716), such reason does not appear in the present case, nor does the fact that the building damaged is upon leased land under a lease that may be terminated upon 60 days notice alter the rule.

6. Insofar as the petition shows, the primary physical condition causing the derailment of the train and damage to the plaintiff's building, the thrown switch, was not the fault of the defendants or plaintiff. The question therefore arises, as stated

by the defendants in their brief, as to whether the alleged speed of the train and the failure to maintain a proper lookout, or either of them, is the proximate cause of the injury, or is the open switch the sole proximate cause of the injury? The defendant bases its contentions that the thrown switch was the sole proximate cause of the injury upon those cases holding that where the unforeseen act of a third person intervenes between the prior negligence of the defendant the first negligence cannot be said to be the proximate cause of the injury. *Gulf Oil Corp. v. Stanfield,* 213 Ga. 436 (99 SE2d 209); *Andrews & Co. v. Kinsel,* 114 Ga. 390 (40 SE 300, 88 ASR 25); *Wright v. Southern R. Co.,* 62 Ga. App. 316 (2) (7 SE2d 793); *Artope v. Central of Ga. R. Co.,* 38 Ga. App. 91 (143 SE 127); *Bowers v. Southern R. Co.,* 10 Ga. App. 367 (73 SE 677). Defendant relies particularly on the *Bowers* case in which it was held that the speed of the train was immaterial and that the criminal act of a third party in throwing the switch to the sidetrack was the sole proximate cause of the injury. Assuming, without deciding, that this case might control as to the speed of the train being immaterial, it does not control, nor do the other cited cases, as to the failure to maintain a proper lookout. In the present case, we have allegations of negligence occurring after the throwing of the switch, that is, that the defendant engineer and fireman, by the exercise of ordinary care, could have and should have seen the switch target indicating the thrown switch in time to have avoided the injury, and were negligent in not so doing. It thus appears that as to this allegation of negligence the thrown switch becomes a prior cause or the mere condition which made the injury possible, and that the negligence of the defendants was the intervening and efficient cause of the injury, even though such injury would not have happened except for the thrown switch.

7. The petition sets forth a cause of action and the trial court did not err in overruling the various demurrers insisted upon by the plaintiff in error in this court.

*Judgment affirmed. Felton, C. J., and Frankum, J., concur.*

DECIDED JUNE 16, 1964—REHEARING DENIED JUNE 26, 1964.

*Harris, Russell & Watkins, John B. Harris, Jr., Smith & Harrington, Will Ed Smith,* for plaintiff in error.

*Hamilton Napier,* contra.