### 51191. NEDA CONSTRUCTION COMPANY, INC. et al. v. JENKINS.

MARSHALL, Judge.

Appellants bring this appeal from a directed verdict in favor of plaintiff below, contesting the amount of damages awarded by the jury.

The facts reflect that Southern Bell undertook to lay telephone cable or conduit within the corporate limits of the City of Savannah. Southern Bell drew plans and specifications for the laying of such conduit and obtained a permit from the City of Savannah to lay the conduit under the sidewalks. The building code of the City of Savannah required that no excavation adjacent to or near existing footing of a building should be within one foot of the angle of repose[1] of the soil laterally supporting that footing. The plans and specifications drawn by Southern Bell detailing the path of the conduit did not consider the angle of repose of the soil supporting any buildings adjacent to the sidewalks under which the conduit was to be laid.

---

[1] A pile of sand illustrates the angle of repose. When loose dry sand stops rolling down to the base, the angle of repose for that pile of sand has been reached. It is the angle of friction within the soil and is a mathematically determinable angle. The time required for soil to reach its angle of repose may be modified by moisture, silt, clay, cohesion, etc., within the soil, but once the angle of repose has been disturbed, soil will eventually reestablish an angle of repose. See Webster's New International Dictionary (Unabridged), 1961, page 102.

Southern Bell contracted with the appellant NEDA Construction Company, Inc., to conduct the actual digging of the required six foot deep trench, place the conduit in an appropriate pipe at the bottom of the trench, anchor the pipe in concrete and backfill the trench. NEDA was an independent contractor. NEDA's employees were supervised by one Roundtree. Roundtree was not an engineer nor was he aware of an angle of repose, nor does the transcript reflect that a construction engineer was required to be present at the construction site. Roundtree followed without deviation the path set forth in the plans and specifications prepared by Southern Bell.

Appellee, Jenkins, owned a home built circa 1853 classified as a "notable" example of homes in the historic area of Savannah. The trench dug by NEDA through and under the sidewalk adjacent to Jenkins' home, was within and below the angle of repose of the lateral soil supporting the footing of a major support wall of Jenkins' home. The foreman, Roundtree, as soon as the trench was dug noticed the appearance of a crack in that wall. The disturbance of the angle of repose caused the footing of the cracked wall to drop one or more inches and the wall slightly to rotate causing substantial cracking and damage to the main support wall.

Jenkins brought an action for $110,000 against both Southern Bell and NEDA. Following the submission of evidence, the trial court concluded there was no real issue as to the question of liability and directed a verdict as to liability for appellee Jenkins against both defendants, which was followed by the award of $60,000 unspecified general and special damages and $9,750 exemplary damages rendered by the jury. Southern Bell and NEDA appeal enumerating six errors. *Held:*

1. The first enumeration alleges error in the trial court's refusal to grant appellants' two separate motions for mistrial. Both of the motions for mistrial were precipitated by the interjection into this damage suit by witnesses called by appellee of references to insurance coverage. The first of these references occurred when an occupant of Jenkins' house testified that NEDA's construction foreman, Roundtree, admitted a wall had cracked but that insurance would take care of the

damages. Appellant moved for a mistrial which was denied.

"... [T]he statement, that the defendant thought the accident was his fault and that he was insured and for someone to write down his name and address, was admissible as an admission of a party to a case against his interest, and it was not subject to the objection raised against it . . . It is well-settled law in this State that the mere fact that an insurance company is mentioned during the trial of a case by evidence that is otherwise competent and admissible, does not make the evidence inadmissible or its admission error. [Cits.]" *Wade v. Drinkard,* 76 Ga. App. 159 (5), 164 (45 SE2d 231). See also: *McDuffie County v. Rogers,* 124 Ga. App. 442, 443 (184 SE2d 146) and cits.; *Goldstein v. Johnson,* 64 Ga. App. 31, 35 (12 SE2d 92).

The second reference to insurance occurred when appellee's expert consulting engineer was testifying concerning the apparent cause of the cracks in the support wall, the most feasible way of effectuating repairs, and the steps taken by appellant NEDA to preclude further damage to the cracked wall. It was his opinion that "they" were not taking adequate precautions. Appellant objected to the vague reference "they," complaining that "they" did not identify any responsible party. Upon being asked whom he meant by "they," the witness replied, "the representative of the contractor and the insurance company." The response occurred directly as a result of the objection by appellant's counsel. The trial court referred to an earlier instruction to the jury to disregard such references and not to consider it in their deliberations. A second motion for mistrial likewise was overruled.

We do not know and will not speculate whether the reference was to a representative of the insurance company of either of the appellants, the appellee, or of some other interested third party. "In Georgia the injection into a case of testimony pertaining to liability insurance does not automatically require a grant of a motion for a mistrial. It is only where the testimony is so obviously prejudicial in its nature that its adverse effect cannot be eradicated from the minds of the jury or its consequences avoided by proper cautionary instructions

from the court, that a mistrial should be granted. [Cits.] The determination as to whether these harmful factors are present in a case necessarily rests in the discretion of the trial judge. Appellate courts should never interfere with the exercise of that discretion unless it is made to appear that wrong or oppression has resulted from its abuse." *Wallace v. Cates,* 120 Ga. App. 228 (170 SE2d 40). This innocuous reference to insurance was harmless. *Heinz v. Backus,* 34 Ga. App. 203 (2b) (128 SE 915), as well as being partially induced by appellants' counsel. *Jackson v. State,* 234 Ga. 549, 553 (216 SE2d 834).

2. In the second enumeration, appellants aver the court erred in overruling a motion to set aside the verdict and judgment or in the alternative, a motion in arrest of judgment. The jury returned the following verdict: "This is the case of Albert H. Jenkins vs. Neder [sic] Construction Company and Southern Bell Telephone and Telegraph Company, December 13, 1974. We the jury find in favor of the plaintiff and against the defendant in the amount of $60,000 damages to property. We also find in favor of the plaintiff and against the defendant in the amount of $9,750 punitive damages." On December 17, 1974, the trial court at one point in its order entered its judgment against the "defendants."

Appellants assert that the verdict and judgment in this case is against the "defendant" in spite of the fact that the court refers to "defendants" at one point in its judgment. It is alleged that the effect of the verdict and judgment is so ambiguous that defendants (appellants) cannot determine who the verdict and judgment is against. They allege that the defect is non-amendable, consequently the verdict and judgment should have been set aside and the judgment arrested.

"Verdicts shall have a reasonable intendment, and shall receive a reasonable construction. . ." Code § 110-105 (5927). "The superior court may, in a proper case, mould the verdict so as to do full justice to the parties, and in the same manner as a decree in equity." Code § 110-106 (5928). Verdicts are not to be set aside for indefiniteness if they are capable of being reduced to a reasonable certainty by the application of the ordinary canons of construction. Under the common canons of construction,

the singular and the plural each includes the other, unless the contrary plainly appears from the context. Thus, a verdict involving the defendant will be construed as a finding involving all defendants, when the suit is against two or more persons. *Monk-Sloan Supply Co. v. Quitman Oil Co.,* 10 Ga. App. 390 (1) (3) (73 SE 522). "The verdict may be construed in the light of the pleadings, the issues made by the evidence and the charge. [Cits.] . . . The presumptions are in favor of the validity of verdicts, and if possible a construction will be given which will uphold them. [Cit.] Even if the verdict is ambiguous . . . and susceptible of two constructions, one of which would uphold it and one of which would defeat it, that which would uphold it is to be applied. [Cit.]' *Haughton v. Judson,* 116 Ga. App. 308, 310 (157 SE2d 297)." *West Ga. Pulpwood &c. Co. v. Stephens,* 128 Ga. App. 864, 870 (198 SE2d 420). This enumeration is without merit.

3. Appellants contend in the third enumeration that the court erred in directing a verdict on the issue of liability against both defendants. It is alleged that the record is totally void of any negligence on the part of the appellant Southern Bell. Southern Bell argues that NEDA did the actual digging and because it was an independent contractor, its negligence, if any, was not attributable to Southern Bell.

The evidence establishes that the damage to the wall was caused by NEDA's excavation of a six foot trench within and below the angle of repose of the lateral soil supporting the footing of the wall. This trench was dug by NEDA for Southern Bell, in strict compliance with engineering drawings prepared by Southern Bell. Those drawings failed to take into consideration the angle of repose of soil adjacent to buildings into which soil the trench was to be dug. The resultant excavation, pursuant to these plans, was in violation of a building code requirement of the City of Savannah.

Code § 105-501 provides generally that an employer is not responsible for torts committed by his employee when the latter exercises an independent business, and in it is not subject to the immediate direction and control of the employer. Southern Bell invokes this provision to insulate itself from liability for any tortious acts

committed by its employee, NEDA.

The general exclusion of liability of an employer for negligent acts of its contractor has numerous exceptions. Code § 105-502. This Code section has its genesis in the early case of *Atlanta & F. R. Co. v. Kimberly,* 87 Ga. 161 (13 SE 277). In discussing these exceptions that case provided (p. 166): "(2) If, according to previous knowledge and experience, the work to be done is in its nature dangerous to others, however carefully performed, the employer will be liable and not the contractor, because, it is said, it is incumbent on him to foresee such danger and take precaution against it . . ." The *Kimberly* case, supra, made a further reference at page 166 to injuries resulting from inherently defective planning, as follows: "And in this exception is included the principle that where the injury is caused by defective construction which was inherent in the original plan of the employer, the latter is liable."

We are satisfied that the excavation called for by the employer's plans caused the contractor to excavate too close to adjoining foundations. The employer should have foreseen such danger and should have given warning or directions to its contractor to take precautions against such danger inherent in the original plan. The employer is equally liable with the independent contractor for such negligence, which negligence defendant NEDA effectively has not denied either at the trial level nor before the court. Cf. *Harrison v. Kiser,* 79 Ga. 588 (5) (4 SE 320). See also: *Huey v. City of Atlanta,* 8 Ga. App. 597, 604 (70 SE 71). This enumeration also is without merit.

4. Appellants complain in their fourth enumeration that the monetary verdict returned by the jury ($60,000) was disproportionate to the injury, in that the evidence established that Jenkins' house had a market value of only $35,000.

Market value is not the exclusive rule for establishing damages to realty and its appurtenances. "Ordinarily, 'Where the injury or damage complained of is solely to a building and not to the land the measure of damages is the cost of restoring the building to its original condition. [Cits.]' . . . there may be an exception to this rule where restoration to the condition at the time of

destruction would 'be an absurd undertaking' because of the dilapidated condition of the building. *Mercer v. J & M Transportation Co.,* 103 Ga. App. 141 (2) (118 SE2d 716)." *Southern R. Co. v. Wooten,* 110 Ga. App. 6 (5) (137 SE2d 696).

Appellee's house is about 125 years old but there is no indication it was "dilapidated." The building was rated "notable" by Historic Savannah, and was a valuable building in the Historic District. There was evidence of replacement costs ranging from eighty-five to one hundred thousand dollars. An estimate of the cost of replacing the damaged wall prepared by a construction company established a replacement cost of the wall at $61,550.

Appellants posit that a house in the same condition and location as appellee's house immediately before the damage thereto would have sold for about $35,000. Therefore, the measure of damages should be thusly limited. Such an argument fails to consider the historical significance and value of that particular house; that appellee wanted the ancient house, not *a* house; and, upon considering all the circumstances a jury might well consider the restoration of the original house not to be an absurd undertaking. The value to the owner may be enhanced by personal conditions and a personal value instead of the market price may be considered in estimating the value. In such cases, however, ". . . 'it is evident that no fixed rule to govern the estimate of value can be laid down, but it must of necessity be left to the sound discretion of a jury, in the exercise of a reasonable sympathy with the feelings of the owner.' " *Cherry v. McCutchen,* 65 Ga. App. 301, 305 (16 SE2d 167).

Here, the costs of repair of the house were less than its complete replacement, were definite and ascertainable, and the monetary verdict returned by the jury was not disproportionate or absurd. " 'The value of the property destroyed, or the cost of restoring or replacing such property, is the proper measure of damages for the destruction of buildings, fences, and other improvements, which may at once be replaced, where the exact cost of restoring the property destroyed is capable of definite ascertainment, and where there is no damage to the realty

itself.' [Cits.]" *Empire Mills Co. v. Burrell Engineering &c. Co.,* 18 Ga. App. 253, 256 (89 SE 530). The trial court did not err in denying the motion for new trial.

5. In their fifth enumeration, appellants claim the trial court erred in its charge upon damages in general. This enumeration is not supported by argument or authorities, therefore, has been abandoned. Rules of the Court of Appeals of the State of Georgia, Rule 18 (c)(2). *Lurlee, Inc. v. Pernoshal-39 Co.,* 135 Ga. App. 724 (3) (218 SE2d 701).

6. In the sixth and final enumeration, appellants complain the trial court erred in charging upon the question of punitive damages. We have searched this transcript for direct evidence or inferences of wilful misconduct, malice, fraud, wantonness or oppression. What we have found was a legitimate business endeavor, the laying of telephone conduit. A proper permit was obtained to carry out these activities. When damage to appellee's building occurred, appellant NEDA ceased further excavation, admitted liability and made bona fide efforts to repair the damage it had caused. It did not resume excavation until authorized to do so by court order.

Though there is evidence of negligence, we find no evidence of wilful misconduct, malice, fraud, wantonness or oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences. Under the facts disclosed by the transcript, it was error to charge upon the subject of punitive damages and the verdict and judgment as to punitive damages is reversed. *Southern R. Co. v. O'Bryan,* 119 Ga. 147 (45 SE 1000); see also, *Standard Oil Co. v. Mt. Bethel United Methodist Church,* 230 Ga. 341 (196 SE2d 869).

*Judgment affirmed, provided that punitive damages in the amount of $9,750 be written off. Otherwise, reversed. Bell, C. J., and Webb, J., concur.*

ARGUED OCTOBER 6, 1975 — DECIDED JANUARY 6, 1976 — REHEARING DENIED JANUARY 23, 1976 —

*Falligant, Karsman, Kent & Toporek, Stanley*

*Karsman,* for appellants.

*Smith & Portman, Barnard M. Portman,* for appellee.