## 55933. BUHL v. SANDY SPRINGS MEDICAL CENTER.

Banke, Judge.

The appellee, Sandy Springs Medical Center, sued the appellant, Dr. Richard Buhl, to recover for damages caused when Dr. Buhl removed certain fixtures from his office at the Medical Center upon termination of his lease. The judge, sitting without a jury, entered judgment for the appellee, and the appellant now appeals.

1. The correct measure of damages for injury to a building is the cost to repair or to restore the building to its condition before the injury. See *Harrison v. Kiser,* 79 Ga. 588 (8) (4 SE 320) (1887); *NEDA Const. Co. v. Jenkins,* 137 Ga. App. 344 (4) (223 SE2d 732) (1976). The only stated exception to this rule is when restoration of the building is impractical because of its "dilapidated condition" at the time of the injury. See *Mercer v. J. & M. Transportation Co.,* 103 Ga. App. 141 (2) (118 SE2d 716) (1961); *NEDA*

*Const. Co. v. Jenkins,* supra. There is no such contention in this case. Therefore, the trial judge properly denied appellant's motion for directed verdict based on the appellee's failure to prove a reduction in market value.

2. Approximately four months after filing this suit, the appellee sold the building where the appellant's office had been located. The appellant contends that the appellee failed to prove any actual damages inasmuch as the purchaser did not require that the office be repaired and because there was no evidence that the purchaser would have paid more for the medical center if this particular office had been repaired.

At trial the appellee introduced evidence regarding the amount it would have cost to have had the office repaired. Section 16 of the contract of sale provided that in the event any offices were repaired prior to closing, the purchase price would be increased by the cost of repairs. Appellee's reservation in a settlement agreement with the purchaser (separate from their sales contract) of its right to pursue this suit against the appellant and the purchaser's corresponding agreement not to require the appellee to repair the office formerly occupied by the appellant was not in contradiction with the above contract provision. Thus, the trial judge did not err in concluding that the appellee had suffered actual damages, by way of a reduced purchase amount, in an amount equal to the cost of the repairs necessitated by removal of the fixtures and in entering judgment for the appellee in the amount of damages proved at trial.

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

Submitted June 5, 1978 — Decided September 12, 1978.

*Thomas B. Benham, Jeffrey J. Cohen,* for appellant.
*Greene, Buckley, DeRieux & Jones, Ferdinand Buckley, Norma W. Bergman,* for appellee.