A91A1094. BRUNER et al. v. UNITED STATES LEASING
CORPORATION.
(410 SE2d 817)

CARLEY, Presiding Judge.

Pursuant to a written agreement, appellant-defendants leased a telephone system from appellee-plaintiff. When appellants subsequently defaulted on the monthly rent payments, appellee brought suit. The case was tried before a jury and appellants moved for a directed verdict as to the enforceability of the liquidated damages provision of the written lease agreement. Although the trial court denied the motion, in its charge, it gave the jury instructions not only on the

liquidated damages provision, but also on the general measure of damages recoverable in a breach of lease action. The jury returned a verdict of $6,192 in favor of appellee. This was an amount *less* than the evidence would have authorized appellee to recover under the liquidated damages provision. The trial court entered judgment on this jury verdict and appellant moved for judgment notwithstanding the verdict or, in the alternative, for new trial. The trial court denied this post-judgment motion and appellant appeals.

Appellants enumerate as error the denial of their motion for judgment n.o.v. However, the unenforceability of the liquidated damages provision would not provide appellants with a defense to *liability* for breach of contract. It would affect only the *extent* to which appellee would be authorized to recover for appellants' breach of contract. See generally *Adams v. D & D Leasing Co. of Ga.*, 191 Ga. App. 121 (381 SE2d 94) (1989). Accordingly, appellants were harmed by the trial court's ruling on the liquidated damages provision only if they were thereafter found liable for a *greater* amount of damages than appellee would otherwise have been entitled to recover as actual damages for the breach of contract. As noted, the $6,192 that was actually returned against appellants was *less* than the amount of damages that appellee would have been entitled to recover under the formula provided in the liquidated damages provision. There is no contention that, under the evidence and the trial court's jury charge, appellee would not be entitled to recover *at least* $6,192 as actual damages for appellants' breach of contract. Accordingly, the error, if any, in the trial court's failure to hold the liquidated damages provision to be unenforceable is, at most, harmless under the circumstances of the instant case. See generally *Morrow v. Johnston*, 85 Ga. App. 261 (4) (68 SE2d 906) (1952).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 20, 1991.

*C. Alan Mullinax*, for appellants.
*Lamberth, Bonapfel, Cifelli & Wilson, Stuart F. Clayton, Jr.*, for appellee.

