**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and DILLARD, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**May 2, 2012**

# In the Court of Appeals of Georgia

A12A0087. OVERBY v. THE STATE.

DILLARD, Judge.

Tracy Daniel Overby pleaded guilty to one count of arson and was sentenced to 20 years on probation. Additionally, the trial court ordered that Overby's probation would be suspended after five years if restitution was paid and, after conducting a hearing on same, ordered that restitution be paid to the victim in the amount of $63,125 in monthly increments of $270. Overby challenges the trial court's order of restitution on appeal, contending that the amount is not supported by fact or law. We agree and therefore vacate the court's award and remand for a new restitution hearing.

The record reflects that on August 9, 2010, Overby pleaded guilty to first degree arson of a dwelling owned by the victim,[1] which Overby was renting. Overby apparently set fire to a sofa in the house, causing damage to the structure. At the restitution hearing, the victim testified that her husband purchased the land and built the home himself in 2001, that she charged between $350 and $500 per month in rent (which was her sole source of income), that she sold the home after the fire for approximately $3,000, and that she only wanted restitution for the loss of the home and rental income.

As to the damage caused by the fire, the victim testified that the fire was between the living room and kitchen; that the wall, carpet, and floor were damaged; that the entire house suffered smoke damage; and that although the home did not burn down, it was so "messed up" that she could not afford the necessary repairs. However, the victim also admitted that she did not attempt to make any repairs to the dwelling.

In addition to the victim's testimony, the State presented the testimony of a tax appraiser for the county, who assessed the subject property in 2008—prior to the

---

[1] *See* OCGA § 16-7-60 (a) (1) ("A person commits the offense of arson in the first degree when, by means of fire . . . he or she knowingly damages . . . [a]ny dwelling house of another without his or her consent . . . .").

fire—at a fair market value of $63,125. The appraiser did not recall returning to the property after the fire but testified to driving past it, based on his records, and thinking that the house had burned down because he could not remember seeing a home on the property at that time. Nevertheless, he opined that the house was worth nothing after the fire.[2]

In response, Overby presented the testimony of a certified real estate appraiser who lives near the home and who gave his opinion as to its value and the estimated cost to repair the damage. And Overby testified regarding his state of employment (that being unemployed at the time of the hearing), limited source of income through side jobs, lack of assets, lack of a high school diploma or GED, and attempts at finding employment. At the end of the hearing, the State requested that the court award the victim the lost value of the home and lost rental income. Thereafter, the court issued an order in which it awarded $63,125 in restitution to the victim, also noting that it regarded the opinion of Overby's expert as unreliable due to his former relation to Overby through marriage. This appeal by Overby follows.

---

[2] While testifying, the appraiser reviewed photographs of the home from after the fire and opined that the interior was badly damaged, that the exterior photographs showed no visible damage, that he did not recall obtaining permission to enter the home, and that he rarely enters a home unless invited.

At the outset, we note that a trial court determines the proper amount and type of restitution by a preponderance of the evidence.[3] The State bears the burden of demonstrating "the amount of the loss sustained by a victim as a result of the offense,"[4] and the amount of restitution ordered by the trial court "may be equal to or less than, but not more than, the victim's damages."[5] As to the offender, he or she bears the burden of demonstrating his or her financial resources, including the needs of any dependents.[6]

On appeal from an order of restitution, we review the record "to determine whether each party has met his or her specified burden and whether a restitution award was supported by the preponderance of the evidence."[7] And pursuant to the restitution statute, with certain exceptions not applicable in this case, "a victim of property damage is entitled to all special damages which a victim could recover

---

[3] OCGA § 17-14-7 (b); *see also* OCGA § 17-14-10 (providing list of factors that trial court is required to consider in awarding restitution); *In the Interest of E. W.*, 290 Ga. App. 95, 96-97 (3) (658 SE2d 854) (2008).

[4] OCGA § 17-14-7 (b).

[5] *In the Interest of E. W.*, 290 Ga. App. at 97 (3) (punctuation omitted).

[6] OCGA § 17-14-7 (b).

[7] *In the Interest of E. W.*, 290 Ga. App. at 96 (2) (punctuation omitted).

4

against an offender in a civil action based on the same act or acts for which the offender is sentenced."[8] With these guiding principles in mind, we turn now to Overby's sole enumeration of error.

Overby contends on appeal that the trial court used an improper method to calculate damages, looking to the diminution in value of the subject property as opposed to the cost of repairing the house and, accordingly, that the State presented insufficient evidence of damages because there was no evidence of repair costs. We are constrained to agree.

Here, the victim claimed only that her house was damaged, *not* that the house *and* lot were damaged. It is well established that the "[c]ost of repairs is the appropriate measure of damages if the injury is to the building alone,"[9] which is a rule

---

[8] *Mayfield v. State*, 307 Ga. App. 630, 631 (2) (b) (705 SE2d 717) (2011) (punctuation omitted); *see also* OCGA § 17-14-2 (2) (defining "damages" for purpose of restitution statute).

[9] *Oglethorpe Realty Co. v. Hazzard*, 172 Ga. App. 98, 99 (4) (321 SE2d 820) (1984); *see Johnson v. State*, No. A11A2271, 2012 WL 676651, at *4 (6) (Ga. App. Mar. 2, 2012) (in burglary case, restitution for damage to home to be measured by cost to repair the house); *City of Atlanta v. Atlantic Realty Co.*, 205 Ga. App. 1, 4 (5) (421 SE2d 113) (1992) ("The measure of damages for injury to a building is the cost of restoring the building to its original condition."); *see also Graves v. Diambrose*, 243 Ga. App. 802, 803 (1) (534 SE2d 490) (2000); *Bellsouth Telecomm., Inc. v. Helton*, 215 Ga. Ap. 435, 437 (5) (451 SE2d 76) (1994) (physical precedent only); *Holland Furnace Co. v. Willis*, 120 Ga. App. 733, 738 (5) (172 SE2d 149) (1969);

that dates back to an 1887 opinion by our Supreme Court.[10] And the application of

this rule contrasts with situations in which injury is alleged to both a building and the

property on which it stands. In such cases, "[t]he correct measure of damages for

injury to realty is the difference in the value of the property before and after the

injury."[11]

There is, however, an exception to the general rule, that being that the

measurement of damages by repair or restoration costs is limited when restoring a

---

*Morrow v. Johnston*, 85 Ga. App. 261, 265 (4) (68 SE2d 906) (1952); *Edelson v. Hendon*, 77 Ga. App. 395, 395-96 (1) (48 SE2d 705) (1948); *City of Macon v. Hawes*, 27 Ga. App. 379, 380 (108 SE 479) (1921). *Cf. Burke County v. Renfroe*, 64 Ga. App. 395, 395 (3) (13 SE2d 194) (1941) (applying rule in context of damage to building for public purpose).

[10] *See Harrison v. Kiser*, 79 Ga. 588, 595 (8) (4 SE 320) (1887) (holding, when plaintiff's house was damaged and not the land, that if the plaintiff "was entitled to recover any damages[,] he would be entitled to recover whatever sum it would take to put the house in the condition in which it was before it was injured"); *see also Empire Mills Co. v. Burrell Eng'g & Constr. Co.*, 18 Ga. App. 253, 256-57 (2) (89 SE 530) (1916) (acknowledging the holding in *Harrison v. Kiser* and concluding that the proper measure of damages was the cost to repair when "damages [were] sought for the destruction of the building itself, and not for an injury to the freehold by reason of the destruction of the building").

[11] *Oglethorpe Realty Co.*, 172 Ga. App. at 99 (4); *see also Bellsouth Telecomm. Inc.*, 215 Ga. App. at 437 (5) (physical precedent only); *Morrow*, 85 Ga. App. at 266 (4); *Empire Mills Co.*, 18 Ga. App. at 256; *Davis v. Hopkins*, 50 Ga. App. 654, 655-56 (1) (179 SE 213) (1935).

6

building to its condition at the time of destruction would be "absurd."[12] Indeed, "[t]he cost of restoration may not be disproportionate to the diminution in the property's value" and instead "must be reasonable and bear some proportion to the injury sustained."[13] Thus, we have applied this exception—instead calculating damages according to diminution in value—when buildings were in poor condition prior to destruction or when they have been completely destroyed, such that repairing or

---

[12] *Getz Servs., Inc. v. Perloe*, 173 Ga. App. 532, 535 (3) (327 SE2d 761) (1985) ("Where there is injury to a building, the measure of damages is the cost of restoration of the building to the original condition, unless restoration to the original condition would be an absurd undertaking."); s*ee Mayfield*, 307 Ga. App. at 633 (2) (b) (restitution in the amount of costs for restoration/repairs appropriate when no showing that repairs were an absurd undertaking under the circumstances); *John Thurmond & Assocs., Inc. v. Kennedy*, 284 Ga. 469, 474 (3) (668 SE2d 666) (2008) (amount of damages based on cost to repair was appropriate when no indication that this was inappropriate), *affirming Kennedy v. John Thurmond & Assocs., Inc.*, 286 Ga. App. 642 (649 SE2d 762) (2007); *see also Esprit Log & Timber Frame Homes, Inc. v. Wilcox*, 302 Ga. App. 550, 552 (1) (691 SE2d 344) (2010); *Georgia-Carolina Brick & Tile Co. v. Brown*, 153 Ga. App. 747, 756 (266 SE2d 531) (1980); *Atlanta Recycled Fiber Co. v. Tri-Cities Steel Co.*, 152 Ga. App. 259, 264-65 (3) (262 SE2d 554) (1979); *Buhl v. Sandy Springs Med. Ctr.*, 147 Ga. App. 176, 176 (1) (248 SE2d 238) (1978); *S. Ry. Co. v. Wooten*, 110 Ga. App. 6, 8 (5) (137 SE2d 696) (1964).

[13] *Ga. Ne. R.R., Inc. v. Lusk*, 277 Ga. 245, 247 (2) (587 SE2d 643) (2003) (punctuation omitted).

restoring the buildings would result in an inflated measure of damages and thus be absurd.[14]

And here, as noted *supra*, the victim sought restitution only for damage to her home. Thus, the proper measure of damages was the cost to repair the home, unless such an undertaking was absurd, in which case diminution in value would be appropriate. But the State failed to present evidence of repair cost—save the victim's vague testimony that she could not afford to repair the home—and there was likewise no indication that repair of the home would be an absurd undertaking. Instead, the

---

[14] *See Cornett v. Agee*, 143 Ga. App. 55, 57-58 (237 SE2d 522) (1977) (on motion for rehearing) (structure totally destroyed and removal of debris would cost more than salvage worth); *Mercer v. J & M Transp. Co.*, 103 Ga. App. 141, 143 (2) (118 SE2d 716) (1961) (destroyed house was old and in poor condition prior to destruction); *Ga. Power Co. v. Maxwell*, 52 Ga. App. 430, 432-33 (4) (183 SE 654) (1936) (building completely destroyed by fire). *Cf. Revis v. State*, 223 Ga. App. 470, 470-71 (2) (477 SE2d 880) (1996) (testimony lacked probative value when victim failed to account for depreciation in home destroyed by arson when home had tax value of $600, sat vacant for years, brought low amount of rent ($25 per month), was of unknown age, and would cost in excess of $31,000 to replace); *State Highway Dep't v. Murray*, 102 Ga. App. 210, 213-14 (115 SE2d 711) (1960) (in condemnation case, replacement costs were inappropriate when five houses, which ranged in age from 2 to 20 years old, were damaged); *Spainhour v. Nolind*, 97 Ga. App. 362, 364 (1) (103 SE2d 154) (1958) (trial court erred by disallowing testimony as to value of home prior to damage when repair of home would be impracticable). *Compare NEDA Constr. Co. v. Jenkins*, 137 Ga. App. 344, 349-50 (4) (223 SE2d 732) (1976) (despite suggestion that fair market value was less than repair cost, repair costs were appropriate when notable and valuable historic home was damaged and there was no evidence that the home was dilapidated).

State's evidence focused on the testimony of a tax appraiser who opined as to the diminution in the home's value after the fire. Accordingly, the State failed to meet its burden of proof by presenting insufficient evidence as to the amount of restitution, and the trial court's order must be vacated and the case remanded for a new restitution hearing.[15]

*Judgment vacated and case remanded with direction. Ellington, C. J., and Phipps, P. J., concur.*

---

[15] *See generally Gray v. State,* 273 Ga. App. 747, 751 (2) (615 SE2d 834) (2005) ("[W]here we have found the restitution evidence insufficient to sustain the award, we have consistently remanded the case for a new restitution hearing." (citations omitted)).